CITY OF ST. JOSEPH v. CROWTHER *et al.*; ZIMMERMAN, *Appellant.*

!142  155
148  215

### Division Two, December 22, 1897.

1. **Cities of Second Class:** CONDEMNATIONS: ACT OF 1893 CONSTITUTIONAL. The act of March 28, 1893, concerning cities of the second class (Laws of 1893, p. 62) does not permit land to be taken for street purposes until both the value of the land taken and the damage to the land not taken are paid or tendered; and hence it is not unconstitutional, since it is not the taking of private property for public use without due compensation.

2. ———: ———: FINDINGS OF COMMISSIONERS: REVIEW. The findings of fact by commissioners as to the value and damages to property in condemnation proceedings are no more subject to review in the appellate court than are such findings in other actions at law. But where an error in law in the method resorted to in computing the resultant damages and compensation due, appears in the record, as in this case upon the face of the report of the commissioners, the Supreme Court will set aside the award, and remand the cause.

3. ———: ———: ———: CASE DETERMINED. The report of the commissioners shows these damages: "Against all of E. C. Zimmerman tract shown on map, including that portion thereof taken for street $353," said amount being the exact sum awarded Zimmerman both as compensation for the land taken for a street and as damages to that part of the land not so taken. *Held,* that the award should be set aside, since it not only took his land for a street and paid for it by benefits which is assessed to his other land, but actually charges him for benefits to the strip which by this proceeding is taken from him and devoted to a public use.

4. ———: ———: ESTIMATING DAMAGES. Where great benefits will result to a portion of the property in a benefit district, these benefits can be offset only by damages occasioned by the proposed improvement, and the fact that the parties who owned and platted the ground gave a strip thereof for a street, will not justify the commissioners in offsetting the value of the strip against the benefits to the ground not taken.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Benjamin Phillip* for appellant.

(1) The act of the legislature, under which this proceeding was had, is unconstitutional in that it violates section 21 of the bill of rights, which provides that: "Private property shall not be taken or damaged for public use without just compensation." Acts 1893, p. 62, secs. 5 and 10. We contend that the act of 1893, *supra*, is unconstitutional because it provides only for the payment of the damages resulting to property not taken and authorizes the city to proceed with the improvements without payment to the property owner of the value of the land taken for the street. *Walther v. Warner*, 25 Mo. 285. (2) The respondent's evidence in this case shows that the verdict of the commissioners is erroneous and should be set aside. The commissioners erred in failing to assess against the lots in Turner & Kirkpatrick's addition the amount of benefits which they found would accrue to said property from the proposed improvement, and erred in offsetting the amount of benefits thus found by the value of certain lands which the owners of said addition had given and dedicated for a street and in certifying in their verdict that these lots were each benefited but one cent. *City v. Lane*, 110 Mo. 254. (3) The truth is that this whole proceeding is an endeavor to open Tenth street for the benefit of the owners of the property in Turner & Kirkpatrick's addition, and at the sole expense of the property owners whose property is taken and who are not benefited by the proposed improvement. By reference to the map and the verdict of the commissioners the court will perceive that in the opinion of the commissioners only those property owners are benefited whose property is to be taken for the street, and wonderful to relate, in each instance, the benefit to each property owner whose property is taken

exactly equals the value of the land proposed to be taken from him and appropriated for the thoroughfare. (4) The verdict of these commissioners is like the verdict of any other jury, and if it is made plainly to appear to this court that the verdict is against all the evidence and against fairness and justice, this court will not hesitate to set the verdict aside. The undisputed testimony of the best real estate agents in the city of St. Joseph place the value of the property taken at from $1,200 to $1,500. There is not a single reason given why the property of Mr. Zimmerman will be benefited in any way by the opening of the proposed street through his property. It is situated near the railroad yards; it is suitable for warehouse and railroad purposes; it is not benefited by putting a street through it and cutting off a strip on the west two hundred and twenty-two feet by eighty feet in width. The verdict in this case is simply against all of the evidence, and it should be set aside.

*Casteel & Haynes* for respondent.

(1) It is contended by the appellant that the act of 1893 providing for the condemnation of private property for public uses, by cities of the second class, is unconstitutional, being violative of section 21, article II, Constitution of Missouri. The contention made by counsel for appellant is untenable. (2) There is no pretext that the method of assessment in Turner's & Kirkpatrick's addition has effected appellant, but the animus of this appellant is shown clearly. Appellant wishes to block the improvement of opening Tenth street south. He is willing to do anything, even to litigate other people's grievances, for the sake of accomplishing that end. The burden of his song is, the

injustice that has been done someone else, rather than that he has sustained.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of Buchanan county in a condemnation proceeding prosecuted by the city of St. Joseph for the extension of Tenth street in said city through the lands of E. C. Zimmerman. The ordinance appropriating the property for public use and defining the benefit district and the petition of the city praying for the appointment of commissioners to assess damages and benefits are conceded to be sufficient.

The appellant Zimmerman is the owner of a tract of land fronting four hundred and forty feet on Atchison street with a depth varying from seventy-six feet on Eleventh street to about two hundred and twenty-eight feet on the west side. As will appear from the accompanying plat, Tenth street is open from the heart of the city of St. Joseph to the south line of city blocks 145 and 146 of South St. Joseph addition. By this proceeding it is proposed to extend Tenth street at a width of sixty feet through a tract known as the Noble tract to the north line of Turner & Kirkpatrick addition. The street is already dedicated and opened through the last named addition. Beginning at the south line of said addition, it is proposed to extend it across the Hannibal & St. Joseph Railroad through appellant Zimmerman's tract to Atchison street. It will necessitate the condemnation of a strip sixty feet wide and two hundred and twenty-eight feet, five inches deep north and south, and will leave a strip of ground west of and fronting on said new extension of the street two hundred and twenty-eight feet, five inches long by eighty feet deep.

Appellant filed his exceptions in the circuit court to the report of the commissioners, and the circuit

HICKORY STREET

Explanation.—Tenth street is now open from Hickory street south to the North line of the Crowther lots or tracts. Tenth street is also open through Turner & Kirkpatrick's addition from South line of Connett and Norris tracts to North line H. & St. J. R. R. right of way. The land to be taken is the sixty-foot strip extending from North line of Crowther tracts to North line of Turner & Kirkpatrick's addition, and from South line of said addition across R. R. right of way South to Atchison street.

ATCHISON ST.

court having overruled the same, he appeals to this court.

He challenges the constitutionality of the act of the General Assembly of Missouri, approved March 28, 1893, Laws of Missouri 1893, page 62, which provides for the condemnation of private property for public use in cities of the second class, and thus confers appellate jurisdiction upon this court. The errors assigned will be examined in their order.

I.   As to the constitutionality of the act. It is insisted that it violates section 21, article II of the Constitution of Missouri, 1875, in this, that the said statute provides for the payment of damages which will accrue to the property not taken for public use, and which it is claimed must be assessed separately from the value of the land taken, and authorizes the city upon the payment of the said damages to the property not taken to appropriate the land taken without paying or tendering to the landowner the value of the land taken for the street or other public purposes. If this is the true construction of the statute, it must be held to violate the organic law. Section 4 of the act provides that the commissioners shall "ascertain the actual value of the land and premises proposed to be taken, without reference to the projected improvement and the actual damage done to the property thereby, and for the payment of such values and damages to assess against the city the amount of the benefit to the public generally, and the balance of the benefits against the owner or owners of all property within said limits which shall be especially benefited by the proposed improvement to the amount that each lot shall be benefited by said improvement." In the tenth section it is further provided "that as soon as the damages assessed shall have been paid or tendered

to the parties entitled thereto respectively, the improvement may be proceeded with."

The contention of the learned counsel is that the word "damages" in the tenth section of the act does not include the compensation or damages suffered by the condemnation for the taking of his land, but the damages to the portion not taken. Upon a careful reading of the whole act we can not agree that this is a fair or just interpretation of the act in question. The latter clause of the fifth section controverts the position of the appellant that the law intends three separate verdicts or findings by the commissioners and that compensation or value of the land taken can not be included under a general finding of damages for the landowner. It says: "In making such report, the value and damages allowed to each owner and the benefits assessed against each individual shall be separately stated." Obviously two findings only are required, "value and damages" together constituting one, "benefits assessed" another. But we are unwilling to intimate that this act even inferentially provides for the taking of private property for public use without due compensation. It is evident that, read in the light of the whole context, the word "damages" in the tenth section is used in the enlarged sense of covering all damages suffered by the landowner by reason of the condemnation whether that damage ensued from the taking of his land or the damage to the remainder not condemned to the public use. Every presumption must be indulged in favor of the validity of the act and this act affords abundant evidence that it was the intention to provide due compensation for all the private property proposed to be taken for public use by cities of the second class. We feel no hesitancy in holding the act constitutional and the objection untenable.

II.   The remaining objections go to the injustice of the award.   Findings of fact by the commissioners and by the circuit court on the hearing of exceptions to their report, are no more subject to review by this court in a condemnation case than in any other action at law.   Consequently, though the award may appear to us at this distance to be very inequitable, yet in the absence of some error in law in the method resorted to in computing the damages and the compensation due the several owners, we can not interfere unless such error appears in the record.   Such an error does appear upon the face of the report of the commissioners or verdict of the statutory jury.   Thus in this report of benefits they include the tract of land belonging to the appellant Zimmerman in these words: "Against all of E. C. Zimmerman tract shown on map, including that portion thereof taken for street, $353," said amount being the exact sum awarded Zimmerman both as compensation for the strip 60x228 feet, 5 inches, and damages to the remainder of his tract.   In other words, the commissioners not only took the sixty feet strip through the whole tract and paid for it in benefits which they assessed to his remaining land, but actually charged him with benefits to the strip which by this proceeding was taken from him and devoted to public use.   Certainly it can not need argument or authority to demonstrate that this assessment of benefits to the strip condemned for the street could not be charged against Zimmerman, who no longer owned it.   The statute of 1893 above quoted condemns such an assessment of benefits, and if it did not, the plainest principles of right and justice forbid such a desecration of the constitutional guaranty against the taking of private property.   The motion for new

trial specifically urged this as one of the reasons why the award should be set aside. The circuit court erred in not setting aside the award on this ground.

III. The commissioners clearly erred in making their estimate of benefits to the lots in Turner & Kirkpatrick addition. The testimony of one of their number shows that the property in this addition would be greatly benefited by the opening of this extension of the street; that as now situated, that addition has no outlet,.and yet they assessed only one cent benefit to each lot in the addition. When asked to explain how they reached such a conclusion, Mr. Owen testified: "Well, the reason was, we considered that Turner and Kirkpatrick, when they laid out their addition, gave the street shown on the map there to the public; they gave that ground there for a street and we considered that the value of that ground which they gave for a street about equals the benefits which these lots will derive from the opening of the street. We thought one offset the other and so assessed the benefits at one cent against each of these lots."

That is to say that although the commissioners found that these lots would receive great special benefits from the prolongation of Tenth street to Atchison street, yet inasmuch as the proprietors of that addition, when they laid it out, gave the street in that addition, the commissioners proceeded to assess damages for the laying out of that street in that addition and offset the benefits with the damages which never, in the very nature of things, could accrue to the owners of these lots. Assuming that the same proprietors still owned all of the lots in that addition, they can not now recover damages from the public or other citizens for that which they had given to the public. Nor could a purchaser of a lot in said addition recover damages for

the opening of a street which he received as an easement to his lot when he purchased.

When, as here, it is conceded great benefit will result to a certain portion of the property in the benefit district, these benefits can only be offset by damages occasioned by the proposed improvement, and obviously the commissioners in this case offset the benefits by some fanciful notion of public spirit in those who platted the addition, and not by the damages which would result by the extension of Tenth street *at that time*. There is not the slightest foundation for any claim of damages to these lots by opening the street; on the contrary it is altogether beneficial. By allowing all this addition to escape assessment for benefits, the commissioners necessarily cast an undue proportion of the whole benefits from the opening of this street upon the property of Zimmerman, and thereby reduced his damages.

We have also in this case a peculiar phase of the practice in condemnation cases. Exactly how a commission can arrive at the conclusion that only those persons whose property is actually taken for public use are benefited to the exact amount of its value, or the damage done to the remainder, and those whose property lies in the same immediate benefit district are only benefited one cent, we confess is beyond our ken. Certainly nothing emanating from the courts justifies this method of assessment. Of course it may often happen that one piece of property is as much benefited by devoting a part of it to a highway as the part taken is worth, but how all the other property can receive such infinitesimal benefit, is the annoying problem. We sometimes wonder if it is really of so little benefit what public necessity exists for the proposed highway.

The tract of Patrick O'Donnell seems to have escaped the attention of the commissioners altogether.

As the record discloses the illegality of the method
adopted in estimating the damages and benefits, the
judgment is reversed and the cause remanded.  SHER-
WOOD and BURGESS, JJ., concur.