MISSOURI, K. & T. RY. CO. OF TEXAS v. TEXAS PACKING CO. (No. 5323.)

(Court of Civil Appeals of Texas. Austin. March 25, 1914. Rehearing Denied June 3, 1914.)

1. CARRIERS (§ 134*)—ACTION FOR INJURY TO GOODS—SUFFICIENCY OF EVIDENCE.

In an action by a shipper against a carrier for damages to a shipment of dressed turkeys, comprising three classes, varying in value, evidence *held* sufficient to support the verdict, though there was no evidence as to what class the spoiled turkeys belonged, where the verdict was less than the loss, in whatever class the turkeys belonged.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607 ; Dec. Dig. § 134.*]

2. CARRIERS (§ 117*)—ACTION FOR INJURY TO GOODS—DEFENSES.

Where a contract of carriage contained an absolute and unconditional stipulation requiring the carrier to re-ice the cars at every icing station, the carrier could not excuse noncompliance therewith because its employés in charge did not consider re-icing necessary.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 508–516; Dec. Dig. § 117.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by the Texas Packing Company, against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Naman and Spell & Sanford, all of Waco, for appellant. Sleeper, Boynton & Kendall, of Waco, for appellee.

KEY, C. J. Appellee sued appellant and recovered a verdict and judgment for $2,-764.66, with interest thereon, as damages for failure on appellant's part to properly ice a car load shipment of poultry from Waco, Tex., to Chicago, Ill., and the case is now before this court for review.

The first assignment of error complains of the action of the trial court in not giving a requested instruction directing the jury to return a verdict for the defendant; and appellant presents several other assignments under which it is contended that the verdict of the jury is without support in the testimony. The contract of shipment, in so far as applicable to the facts, stipulated that, in case of loss or damage for which the carrier was liable, the amount thereof was to be computed on a basis of the bona fide invoice price at the time and place of shipment, and it was alleged by both parties and shown by uncontroverted testimony that the amount referred to was $5,290.80. The entire shipment consisted of dressed turkeys, and comprised three classes, being based upon value at Waco, Tex. There were 25,-898 pounds worth 19½ cents per pound, making $5,050.11; 1,031 pounds worth 15 cents per pound, making $154.65; and 717 pounds worth 12 cents per pound, making $86.04. The proof shows that, when the shipment reached its destination, 10,814 pounds thereof had so deteriorated as to render it worthless, and that, after its condemnation by the official inspector, it was delivered to the proper authorities and carried away to be destroyed; and it is for the loss referred to and injury to the balance that appellee recovered the judgment complained of.

[1] It is insisted on behalf of appellant that the judgment should be reversed because the testimony does not show how much of each class of the shipment was embraced in the 10,814 pounds that was damaged and lost. There is no merit in that contention. Over 90 per cent. of the shipment was of the first class or highest grade; and, if it be conceded that all that belonged to the other two grades was embraced in the amount lost, they constituted only 1,788 pounds of the value of $240.69. The remaining 9,066 pounds of the 10,814 that were a total loss would belong to the first class, be of the invoice value of 19½ cents per pound, making a total of $1,767.84, which, added to the $240.69, makes a total of $2,008.53, and accounts for that much of the verdict. The total weight of the shipment was 27,646 pounds, and, after deducting the 10,814 pounds that was a total loss, there was 16,-832 pounds, which the proof shows was so damaged as that it sold on the market in Chicago at from 8 to 14 cents per pound. Now, while the testimony indicates that the remaining 16,832 pounds were · damaged more than 5 cents per pound, yet, if it be calculated on that basis, it would be over $800, which, added to the $2,008.53, would make an amount in excess of the verdict.

[2] It is also contended on behalf of appellant that the testimony does not support a finding that the contract of shipment was breached. We overrule that contention, because it was stipulated therein that appellant was to re-ice the car with crushed ice at all regular icing stations, using 12 per cent. salt. The proof shows that that important stipulation in the contract was breached, and that the car was not re-iced at Denison and some other regular icing stations. Appellant could not excuse itself for not complying with that obligation of the contract because of the fact that its agents and employés in charge of that part of its business did not consider that such re-icing was necessary. The contract to re-ice was not conditional upon the existence of a necessity to be determined by appellant's employés. It was an absolute and unconditional stipulation; and while if no necessity for re-icing had existed, and no damage had resulted, appellee would have had no substantial cause of action, it would not have been because there was no breach of the contract, but on account of the fact that no injury had resulted from such breach.

There was also testimony which justified. the jury in finding that the shipment had been re-iced with block ice and not with crushed ice, as required by the contract, which fact of itself would have constituted a breach of the contract, and might have caused some, if not all, of the damage.

Several assignments of error are addressed to the action of the court in giving and refusing instructions, which assignments we do not care to discuss in detail. They have all been considered and are overruled.

· We are disposed to agree with appellant's contention that it was error for the court to submit to the jury whether or not re-icing was necessary for the preservation of the property; but that error was in favor of appellant and affords it no ground of complaint. The other objections to the charge are untenable.

We also overrule all of the assignments which complain of rulings made with reference to the admissibility of testimony. We think the witness Bessonette qualified as an expert, and, if his testimony was not admissible in explanation of the report of the inspector, no objection was made by appellant to the same testimony given by the inspector himself; and besides no harm was done,

because the report shows on its face that it means just what the witnesses stated.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.