GULF, C. & S. F. RY. CO. v. TEXAS PACKING CO. et al.    (No. 5368.)

(Court of Civil Appeals of Texas. Austin. Nov. 18, 1914. Rehearing Denied Dec. 23, 1914.)

APPEAL AND ERROR (§ 501*)—QUESTIONS REVIEWABLE—INSTRUCTIONS.

Under Acts 33d Leg. c. 59, declaring that a failure to except to the trial court in giving or refusing instructions is a waiver of objections thereto, refusal of instructions will not be considered on appeal, where the record does not show that the party complaining reserved exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by the Texas Packing Company against the Gulf, Colorado & Santa Fé Railway Company, in which defendant impleaded the Wabash Railroad Company, and sought to recover over against it. From a judgment for plaintiff against defendant named, and in favor of the Wabash Railroad Company as against defendant named, it appeals. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant. Wright, Wynn & Harris, of San Angelo, for appellee Wabash Ry. Co. W. O. Cox, of Temple, for appellee Texas Packing Co.

KEY, C. J. Appellee, Texas Packing Company, brought this suit against appellant to recover damages for failure to properly ice, care for, and preserve five shipments of dressed poultry, originally shipped from Temple, Tex., to St. Louis, Mo., but, by subsequent agreement, carried on to Chicago, Ill. Appellant impleaded the Wabash Railroad Company, and sought to recover over against that carrier. There was a jury trial, which resulted in a verdict and judgment for the plaintiff against the appellant, and that the latter recover nothing as against the Wabash Railroad Company, and the case has been brought to this court for revision.

Counsel for appellant have filed a brief which presents many questions, none of which is novel or difficult, and some of which it is not entitled to have considered, because they complain of the action of the trial court in refusing to give certain requested instructions; but the record fails to show that appellant reserved any exceptions to the rulings referred to. The case was tried after the act of the Thirty-Third Legislature, which requires a complaining litigant to except to the action of the trial court in giving or refusing instructions, had gone into effect. The record shows that appellant reserved certain exceptions to the charge given to the jury, but does not show that any were reserved to the action of the trial court in refusing to give requested instructions. The statute referred to declares that a failure to except to the action of the trial court in giving or refusing instructions shall be regarded as a waiver of objections thereto. Crow v. Childress, 169 S. W. 927, and cases there cited.

The case is similar in many respects to M., K. & T. Ry. Co. v. Texas Packing Company, 167 S. W. 337, decided by this court at its last term, and several analogous questions were decided in that case against the contention urged by appellant in this case, especially with reference to the charge of the court and rulings made upon the admissibility of testimony. None of them being new or novel, we think it would be an unwise consumption of time and place an unnecessary expense upon appellant to discuss all of the numerous questions presented in appellant's brief; and we content ourselves with saying that, while appellant's counsel have presented the case with commendable zeal and ability, in our opinion, counsel for appellee, in an equally able brief, has shown why the case should not be reversed.

The verdict of the jury is amply supported by testimony, and we, therefore, make findings of fact to the effect that appellant breached its contract of shipment, as alleged in appellee's petition, and that, as a result of that breach, the property which was shipped was injured and damaged to the extent found by the jury, and that the proof failed to show that any of the damage referred to was caused by the Wabash Railroad Company. Hence we overrule all the assignments of error presented in appellant's brief, and order an affirmance of the judgment rendered by the trial court.

This case was submitted at the last term of this court, and has been held under advisement on account of the fact that an application for writ of error in the other case above referred to was pending in the Supreme Court. The magnitude of that court's application docket is such that we do not feel justified in longer delaying a decision of this case.

Affirmed.