# CITY OF SPRINGFIELD v. SARAH R. OWEN, Appellant.

### Division Two, November 24, 1914.

1. **CONDEMNATION: Cities of Third Class: Notice: Appeal.**
Where in a proceeding by a city of the third class to condemn land to widen a street the owner was served with summons, filed answer, and contested to judgment, the proceeding as to him will not be held invalid on his appeal because the record shows that the notice by publication to those owning land within the benefit district was defective.

2. **———: ———: Compensation: Appeal.** Where the evidence in a condemnation proceeding was conflicting, some of the witnesses fixing defendant's benefits as equal to the value of the land taken, others fixing the amount approximately at that allowed by the jury, and still others fixing it higher, the Supreme Court cannot say that the compensation was grossly inadequate and therefore it will not interfere with the verdict.

3. **INSTRUCTIONS REFUSED: Points Already Covered: Appeal.**
An appellant cannot complain because of the refusal of his instructions upon points covered by like instructions given by the court.

4. **FIXING BENEFIT DISTRICT: Legislative Function: City Council.** The making of a benefit district is a legislative function delegated to the city council in cities of the third class. In executing this power the municipality may exercise a broad discretion, and, absent fraud, arbitrary action or demonstrable mistake, the courts will not interfere.

5. **———: Property Outside City Limits: Orders of Circuit Court.** Where only the property to the north of a proposed improvement in a city of the third class was included in the benefit district fixed by the city council, that to the south. being when the district was fixed outside the city limits, Sec. 9266, R. S. 1909, providing that after the filing of exceptions to the commissioners' report the court "shall thereupon make such order as right and justice may require, and may make a new appraisement on good cause shown," does not vest the circuit court with authority to make a new benefit district and include land to the south, even though that land has in the meantime been brought within the city limits.

6. **OBJECTIONS TO EVIDENCE: Must be Specific.** To avail upon appeal an objection to the introduction of evidence must be specific. The remark, "Question objected to," will not suffice.

Appeal from Greene Circuit Court.—*Hon. Alfred Page*, Judge.

AFFIRMED.

*John P. McCammon* for appellant.

(1) The motion to abate and dismiss the action should have been sustained. The statute requires publication for four weeks consecutively. R. S. 1909, sec. 9263. The affidavit made by the publisher was that the notice was published two times, "the first insertion on Dec. 11, 1909, second insertion Jan. 10, 1911." The court had no authority to appoint commissioners without the notice required by the statute having been given. R. S. 1909, sec. 9264. The giving of the notice in the manner prescribed "to all persons to whom it may concern" is just as essential to the jurisdiction of the court to proceed further as is the service of summons upon the owner of the land. The court "on being satisfied that due notice of such petition has been given"—not the service of summons upon the owner of the land merely—shall appoint, etc. The jurisdiction of the court—the power to take the citizen's property through *"strictissimi juris"*—cannot be satisfied with the notice shown by plaintiff and to which defendant called attention in her answer and in every paper filed, including, of course, the motion in arrest. (2) The testimony will show that most of plaintiff's witnesses were very reluctant to acknowledge the value of defendant's land. But taking this testimony alone as to the value of lots, and averaging it, the value after deducting all the benefits assessed would be from $1387 to $1657. (3) The court rejected material testimony

offered by defendant. The court permitted plaintiff to show that the taking of defendant's property would make a street of uniform width from the boulevard on east to Campbell street on the west, and refused to permit defendant to show that the street would not be of uniform width if opened. It permitted plaintiff to ask and witness to answer the question, "Would it be a very great advantage to have this platted that way and the south side of the addition to be up against a blind alley?" over the objection of defendant. The court refused to permit defendant to show that the property abutting on south side of the street would be benefited by the widening of the street as well as that on the north side. This was very material, for the reason, among others, that plaintiff's testimony showed that the way witnesses arrived at the benefits to defendant's land was by calculating the benefits to other property in the benefit district and subtracting that from the defendant's total damages, which left the amount $518 to be charged against defendant as benefits. (4) The property south of Grand avenue should have been assessed with benefits, and the taxing of all benefits against the property of defendant, releasing that south of the street, is a violation of the constitutional guaranty against the taking of private property. St. Joseph v. Crowther, 142 Mo. 155. Plaintiff's testimony here showed greater benefit to the land south than to defendant's land, though the court would not permit defendant to inquire about it, and yet the benefits to that land were not permitted consideration by the jury. Defendant's land was made to bear the entire burden. That the south 17½ feet of the 30-foot street had been given by the owner of the land south of the street did not release that land from assessment for benefits. City v. Wetzel, 110 Mo. 260. Neither was this phase of the case affected by the fact that the land south of the street was taken into the city after the passage of the ordinance. The statute provides for just such an emer-

gency by adding the mandatory power, after the filing of exceptions to the report of the commissioners, that "the courts shall thereupon make such order as right and justice may require, and may order a new appraisement on good cause shown." R. S. 1909, sec. 9266.

*Leonard Walker* and *Fred A. Moon* for respondent.

(1) The first error assigned and the first point made by appellant is the alleged error of the trial court in overruling appellant's motion to dismiss the action on the ground that the notice of publication was not properly published. There are three complete answers to this point: (a) No such motion was made. Appellant's motion to dismiss does not contain a word about the insufficiency of the publication. The motion assigns other reasons entirely, which reasons seem now to be abandoned by counsel for appellant. A question not presented to the trial court will not be considered on appeal. Freeland v. Williamson, 220 Mo. 217; Smith v. Railroad, 137 Mo. App. 165; Buxton v. Kroeger, 219 Mo. 224; Thomas v. Scott, 221 Mo. 271; Mosley v. Railroad, 132 Mo. App. 649; Storage Co. v. Kuhlman, 238 Mo. 685. A party is restricted on appeal to the theory adopted at the trial. Riggs v. Met. St. Ry. Co., 216 Mo. 304; Mankze v. Goldenberg, 149 Mo. App. 12. (b) Appellant cannot now be heard to complain of the insufficiency of the publication of the notice because that alleged error is not mentioned in her motion for a new trial. Davidson v. Investment Co., 226 Mo. 1; Sterrett v. Railroad, 225 Mo. 99; Murphy v. Railroad, 228 Mo. 56; Jackson v. Burgess, 143 Mo. App. 438. Now for the first time appellant calls attention to that alleged error in overruling the motion to dismiss. Having neither mentioned it in the motion to dismiss nor mentioned it in the motion for new trial, she cannot be heard to assign that as error here.

(c) Appellant is in no position to complain of the insufficiency of the publication because she answered and went to trial and filed her exceptions to the commissioners' report, and then tried the case before a jury. She can hardly be in a position to say she did not know the case was pending. If other persons are effected by the assessment of benefits, which seems to be the case, they are the only ones who can complain. The appellant's benefits would be neither more nor less by the failure to acquire jurisdiction over other persons against whom the benefits were assessed. However, the trial court found the publication was entirely sufficient. (2) The third point made by appellant is an argument upon the evidence. Appellant purports to set out the testimony of two witnesses as to the value of the ground taken. It is not correctly nor fairly done. The main facts testified to are ignored. The point, however, is that appellant, after finding from the testimony of these two witnesses that the value of the ground taken was from fifteen to twenty-seven hundred dollars, then decides off-hand that that is absolute proof of the value, and the only deduction therefrom should be $518, benefits, which would leave from one thousand to twenty-one hundred dollars as the proper verdict in the case. Where does appellant get this $518 benefits? How does counsel for appellant know that the jury found that the property was benefited only $518? Where is there anything in the record or in the verdict indicating that? It is true that the commissioners reported that amount as benefits, but appellant did not agree to stand by the report of the commissioners; on the contrary, appellant repudiated the report of the commissioners, filed exceptions to it and claimed that it was entirely erroneous and preferred to submit the entire matter to a jury. Appellant wants to stand by the commissioners' estimated benefits and refuses to stand by its estimated damages. The two have to go together. Having filed exceptions,

the matter was tried before a jury and the jury was instructed to assess the benefits and the damages and return a verdict for the difference, so that the jury, and not counsel for appellant, had the duty to find out how much the property was benefited. Accordingly if counsel's resume of the evidence as to the amount of damages is correct, it must be presumed that the jury found the benefits were only $300 less than the damages, or from fifteen to twenty-four hundred dollars. Besides the two witnesses, whose testimony appellant attempts to present in her brief in such a way as to show it most favorable to her, were two of the commissioners who assessed her benefits and damages, and they testify squarely in support of the finding of the commissioners in every particular. (3) It was not material to a proper determination of the case whether the proposed street would be of a uniform width of 60 feet or 80 feet in width. The city council had full power to lay out the width of the street in any way it saw proper, and its action is final. It had the sole power to describe the benefit district and to declare all of the land within the district to be deemed benefited. Secs. 9261, 9262, 9263, 9264, 9265, R. S. 1909. The property abutting on the south side of Grand avenue was not within the benefit district as prescribed by ordinance of the city council. The commissioners had the plat showing the benefited district before them when they made up their findings of benefits and damages, and so did the jury that finally passed on the question of benefits and damages and neither of them even considered the land south of Grand avenue because the land south of the street was in the county not even in the city limits at the time the finding of the commissioners was filed March 5, 1910, and for that reason it could not have possibly influenced their findings either way. (4) There was no error in the re-

fusal of an instruction asked by the appellant because the jury was sufficiently advised in the instruction given on the court's own motion, that they were not to consider any benefits or damages that might accrue to land lying immediately south of the land sought to be taken.

WILLIAMS, C.—In this suit the city of Springfield, a city of the third class, seeks, by the exercise of the right of eminent domain, to condemn a strip of land belonging to defendant, for the purpose of widening a street known as Grand avenue in said city. The strip of land sought to be condemned is 30 feet in width and approximately 1320 feet in length, containing approximately ten-elevenths of an acre of land and is located along the south edge of a tract of farm land owned by defendant. As the time of the passage of the ordinance providing for the condemnation of this land and the fixing of the benefit district, and also at the time this suit was instituted in the circuit court, the southern limits of said city ran along the south edge of Grand avenue at this place. The benefit district, as fixed by the ordinance, was confined to land north of Grand avenue, taking in a strip about 300 feet in width, including some of defendant's land, together with approximately 50 smaller tracts or lots belonging to other persons. The affidavit of the publisher making proof of the publication of the notice required by section 9263, Revised Statutes 1909, was as follows:

"State of Missouri,
"County of Greene.
"H. S. Jewell, being duly sworn according to law, says that he is publisher of the Springfield Leader, a daily newspaper printed and published in the county of Greene, State aforesaid, and that the notice here-

unto annexed was published in said paper for —— .
weeks consecutively as follows:

"First insertion 11th day of December, 1909.

"Second insertion 10th day of January, 1910.

"H. S. JEWELL, Publisher"

And duly sworn to.

Defendant was served with summons and appeared
and filed answer and also motion to dismiss the action.
Later the circuit court appointed three commissioners
to assess the benefits and damages in the cause. Said
commissioners made report finding the value of the
land taken to be $880 and her benefits to be $518. And
also assessed benefits against 50 tracts of land owned
by other persons, at from $2 to $15 each, totaling $282.
Defendant filed exceptions to the commissioners' report
and later a trial was had in the circuit court, before a
jury, resulting in a judgment in favor of the defend-
ant for the sum of $300. Thereupon defendant duly
perfected an appeal to this court.

I. It is contended by appellant that the circuit
court was without jurisdiction to try this cause for
the reason that the record shows that the
Condemnation: notice required by section 9263, Revised
City of
Third Class: Statutes 1909, "to all persons to whom it
Notice. may concern" was published only twice,
whereas the statute requires that said notice be pub-
lished for "four weeks consecutively." In support
of this contention, appellant cites authorities holding
that only by strict compliance with the statutory re-
quirements can the right of eminent domain, a right
purely statutory and in derogation of common law, be
exercised.

That this rule of law is well settled in this State
there can be no dispute. But does that rule of law
aid appellant in the present case? In other words,
does the above rule apply to the present facts? In
this, as in the great majority of cases decided by ap-

pellate courts, the difficult task is not to determine or discover abstract principles of law but rather to determine what particular rule of law is evoked by the given facts. In the present case appellant, the only necessary party defendant to the condemnation proceedings, was duly served with summons, appeared and filed answer and contested in the circuit court every step of the proceedings upon the merits. And upon finding herself aggrieved by the result of said trial brings the case here for review and asks that the judgment be reversed and the cause remanded because the persons owning land in the benefit district were not notified as required by the statute.

A review of the authorities requiring strict compliance with the statute will, in nearly every instance, disclose that the irregularity held to be fatal to the validity of the proceedings was the failure to perform some statutory requirement which was an essential prerequisite to establish the court's right or authority to proceed against the right of the person *complaining* of such irregularity. Here we have no complaint from the persons for whose especial benefit the statutory requirement as to publication was made. If those persons were here raising the question that said statutory notice had not been given, and it should appear that they had not waived the want of notice by having generally appeared to the proceedings below (City of Tarkio v. Clark, 186 Mo. 285, l. c. 298), then it might well be said that as to that issue, to-wit, the issue concerning the assessment against them, there could be little doubt but that the assessment was void for the reason that failure of sufficient publication of the notice would leave the court without jurisdiction to adjudicate the matter. But that issue is not here presented. In the present case there can be no doubt but that the court acquired jurisdiction over the person of the appellant by the service of summons and also

by the further fact that appellant appeared and filed
answer.  We are also of the opinion that the court
acquired jurisdiction of the subject-matter, when, after
all necessary preliminary steps were properly taken
by the city council, the condemnation petition, in due
and proper form, was filed in the circuit court.  And
thus having jurisdiction over the subject-matter and
over the person of the appellant, should the action of
the court in dealing with that person and subject-mat-
ter be set aside because of irregularities which might
withhold the jurisdiction of the court to proceed
against the property of others?  We think not.  The
proceeding to assess benefits against the property
in the benefit district is in its nature collateral to the
main issue having to do with the condemnation of ap-
pellant's land.  It is collateral in that it does not affect
in any manner the condemnation of the land which is
the main branch of the litigation.  Whether the assess-
ment of benefits is void or valid, it cannot affect the
rights of appellant, because appellant is to receive her
compensation directly from the city and the city is
not to acquire any title, nor even the possession of the
condemned strip until it pays appellant the amount of
compensation fixed by the court.  [Sec. 9269, 9271, R.
S. 1909; Art. 2, sec. 21, Constitution of Missouri.]

The great weight of authority is to the effect that
in condemnation proceedings the general rule prevails
that "the proceedings will be valid as to those having
notice and invalid as to those not notified." [2 Lewis
Eminent Domain, par. 586; Mills on Eminent Domain,
par. 95; 1 Elliott on Roads and Streets, par. 358; Town
of Tyrone v. Burns, 102 Minn. 318; Ross v. Board of
Supervisors, 128 Iowa, 427, l. c. 434.]

We do not undertake in any manner to say that
the above general rule should be applied in all cases
but leave that question open to be determined as the
single instances may arise.  However, we have no hesi-

tancy in saying that it should be applied where, as here, the issues involving the rights of those not notified do not in any manner involve or affect the rights of those duly notified.

II. It is further contended that the compensation **Compensation.** fixed by the jury was grossly inadequate. With reference to this point, it is sufficient to say that the evidence was conflicting. Some of the witnesses testified that the benefits accruing to appellant by reason of the proposed improvement were equal to the value of the land taken. Other witnesses fixed the amount approximately as allowed by the jury. Others fixed the compensation higher. Under such conditions, we cannot say that the compensation allowed was grossly inadequate and therefore will not interfere with the amount allowed by the jury. [St. Louis v. Calhoun, 222 Mo. 44, l. c. 55, and cases therein cited.]

III. It is contended that the court erred in refusing defendant's instruction which in- **Instructions.** formed the jury that if they "should find that land south of Grand avenue abutting thereon is benefited by the opening or widening of the street they should not assess any of such benefits against the land of defendant."

Without passing upon the question as to whether or not under the evidence in this case appellant was entitled to the above instruction, it is a sufficient answer to appellant's contention to say that the court in an instruction given on its own motion did tell the jury, in effect, that benefits accruing to land south of the proposed improvement should not be considered by them in arriving at appellant's compensation.

IV. It is further contended that the property
south of the proposed improvement
Fixing Benefit    should have been assessed with benefits
District:    and that the failure to assess such land
Property Outside
City Limits.    made the benefits assessed against de-
fendant's land higher than they otherwise would have
been.

The property south of the proposed improvement
was not included in the benefit district as defined by
the city council, and therefore was not subject to as-
sessment. Furthermore, at the time the city council
fixed the benefit district, the land south of the pro-
posed improvement was outside of the territorial lim-
its of said city and it is difficult to conceive how it
could have been lawfully included therein.

Appellant relies upon the case of St. Joseph v.
Crowther, 142 Mo. 155. An examination of that case
discloses the fact that the land which was not prop-
erly assessed with its just portion of the benefits was
within the benefit district as fixed by the city council,
and hence the case is not in point. Appellant contends,
however, that since the land south of the improvement
was later (the exact date is not given) brought into
the city limits by enlargement of the city territory, sec-
tion 9266, Revised Statutes 1909, "provides for just
such an emergency by adding the mandatory power,
after the filing of exceptions to the report of the com-
missioners, that 'the courts shall thereupon make such
order as right and justice may require, and may order
a new appraisement on good cause shown.' " Just what
order the court should have made in the present case,
but failed to make, appellant does not undertake
to say. But it is clearly apparent that said section
does not vest the circuit court with power to make
a new benefit district. That power, being a legisla-
tive function, is, by delegation of legislative authority,

**Delegation of Legislative Powers to City Council.** vested in the city council. [Sec. 9262, R. S. 1909.] In executing this power the municipality may exercise a broad discretion and, absent fraud, arbitrary action, or "demonstrable mistake," the courts will not interfere. [5 McQuillin, Municipal Corporations, par. 2052.] It is not contended that the benefit district in the present case was the result of any of the above-named invalidating agencies.

V. It is contended that the court erred: (a) in refusing to permit defendant to show that the street when widened would not be of "uniform width;" (b) in permitting plaintiff to ask and witness to answer, over the objection of defendant, the question, "Would it be a very great advantage to have this platted that way and the south side of the addition to be up against a blind alley?"

Upon an examination of the record as to point a, we find that the court did permit defendant to show that a portion of Grand avenue was 80 feet in width and that at the place where it was proposed to be widened it would be 60 feet. From those facts the jury could readily discover that the street would not be of uniform width.

With reference to point b, the record discloses that when the question was asked, defendant's **Objections to Evidence.** counsel said: "Question objected to." The court overruled the objection and defendant saved an exception. The above objection failed to specify the ground of objection and therefore raised no point for appellate review. [Williams v. Williams, 259 Mo. 242, and cases therein cited.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.