HILL v. HILL. (No. 5767.)

(Court of Civil Appeals of Texas. Feb. 28, 1917.)

1. DIVORCE ⬳103—PETITION—SUFFICIENCY—GENERAL DEMURRER.

In an action for divorce, petition *held* sufficient against an exception, in effect a general demurrer, that it was insufficient in law because the allegations of defendant's conduct, etc., were too vague, uncertain, and indefinite.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 320, 321.]

2. DIVORCE ⬳179—APPEAL—PRESENTATION OF GROUNDS IN LOWER COURT.

The objection that a divorce petition was insufficient for failure to deny charges of infidelity alleged will not be considered on appeal, where not raised either in pleadings or motion for new trial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 565.]

3. DIVORCE ⬳179—APPEAL—SUBMISSION OF ISSUES TO JURY.

Where, in a divorce proceeding, defendant admits that plaintiff is a bona fide inhabitant, failure to submit issue of inhabitancy cannot be urged on appeal.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 565.]

4. APPEAL AND ERROR ⬳213—APPEAL—SUBMISSION OF ISSUES TO JURY—STATUTE.

Under express provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, failure of the court to submit to jury an issue raised by the pleadings and evidence in a divorce suit is no

---

ground for reversal of a special verdict unless submission was requested in writing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1165, 1304–1308.]

5. APPEAL AND ERROR ☞930(3)—FAILURE TO SUBMIT ISSUES—PRESUMPTIONS—STATUTE.

Under express provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, in submission for a special verdict, will be deemed found by the court in such manner as to support the judgment providing there is evidence to sustain such finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3759.]

6. APPEAL AND ERROR ☞262(3)—QUESTIONS REVIEWABLE—INSTRUCTIONS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, declaring that a failure to except to trial court's giving or refusal of an instruction is a waiver of objection thereto, failure of court to submit an issue will not be considered on appeal in absence of an exception to the charge for failure to submit such issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1593.]

7. DIVORCE ☞184(4)—APPEAL—ABSENCE OF STATEMENT OF FACTS—PRESUMPTIONS.

Where court has found that plaintiff was a bona fide resident entitling her to sue for divorce, it will be presumed on appeal, in absence of a statement of facts, that all jurisdictional allegations were sustained by ample proof.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 570.]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Divorce suit by Zelma Hill against J. B. Hill. From a judgment for plaintiff, defendant appeals. Affirmed.

Ward & Evetts, of Temple, for appellant. Sam D. Snodgrass and W. O. Cox, both of Temple, for appellee.

RICE, J. This suit was brought by appellee against appellant for divorce and for the custody of their child. In response to special issues, the court rendered judgment annulling the marriage and awarding the custody of the child to appellee, from which judgment this appeal has been prosecuted.

[1] The first assignment complains of the failure of the court to sustain what appellant terms his special exception No. 1 to appellee's petition for divorce, but which in fact was no more than a general demurrer. The first, amended, original petition upon which plaintiff went to trial, alleged, among other things, after alleging residence, etc., that:

"In disregard of his marriage vows, defendant, a short time after such contract of marriage was entered into, the exact (date) of which cannot be given, began a course of unkind and tyrannical and harsh treatment and conduct towards plaintiff, which was kept up and continued up to and including 'the time she was forced and compelled to separate from him as hereinbefore shown and alleged; that defendant at various times and on divers occasions, and especially during the last year of said marriage life, and almost daily during said time, cursed and abused plaintiff, and violently threatened to strike and assault her

without provocation or excuse, said defendant during all said time abused, and further mistreated plaintiff at times and on various occasions, purposely and intentionally neglected and ignoring her and by refusing to contribute to her support, or to the support of their infant child; and that from the time of their said marriage until the date of their separation, defendant spent his time in idleness and contributed nothing to the support of plaintiff or their said child; that for about six months prior to the 11th day of April, 1914, plaintiff was afflicted with a goiter on her neck, and was compelled to call on a physician, Dr. Power of Temple, for treatment; that defendant refused to pay said physician for his services, and when plaintiff requested defendant to assist her in making such payment, he (defendant) did, on about the 10th day of April, 1914, accuse plaintiff of infidelity to him, charging that she was visiting said physician for improper conduct and improper relations with him, and accused her with improper conduct with said physician, and then and there, in the presence of her mother, violently threatened to strike plaintiff; that said insults, excesses, and outrages and threats had the effect to impair plaintiff's health, causing her to lose flesh and become sick and feeble, and was of such a nature as to render her living with defendant insupportable, and by reason thereof plaintiff left her home and separated from defendant, on, to wit, the 11th day of April, 1914, since which time they have lived separate and apart from each other.

"Plaintiff avers that on other and different occasions to the time hereinabove alleged, defendant violently threatened to choke, strike, and to assault her, and by such threats and conduct caused plaintiff to become afraid of him, and for more than twelve months prior to said separation plaintiff, by reason of such excess cruel treatment, excesses, and outrages and 'insults, and because of all of which plaintiff was compelled to leave and separate as above alleged."

The exception addressed to such petition was as follows:

"Defendant specially excepts to paragraph 2 of plaintiff's first amended original petition filed herein, and says that the same is insufficient in law and shows no cause of action against the defendant; said allegations are too vague, uncertain, and indefinite as to what plaintiff alleges constitutes the course of unkind, harsh, tyrannical, and brutal treatment and conduct by defendant toward plaintiff, and as to the allegations as to the abuse, neglect, intentional ignoring, and mistreatment of plaintiff by defendant, and as to whether said conduct was provoked by plaintiff, or as to whether said conduct was occasioned by the acts and conduct of defendant."

This exception constitutes no more than a general demurrer, and was properly overruled.

[2] By his third proposition under this assignment, appellant asserts that the petition was insufficient for the failure to deny the truth of the charges of infidelity alleged to have been made by him against her. This proposition will not be considered for the reason that it is not raised either in the pleadings or motion for new trial.

[3-5] The third assignment urges that the court erred in not submitting to the jury the issue of the inhabitancy of plaintiff. No such issue was raised by the pleadings in this case. In fact, appellant himself alleged that plaintiff was an actual, bona fide in-

habitant of the state of Texas, and had resided in the county of Bell for more than six months next before the filing of this suit. Article 1985, vol. 2, Vernon's Sayles' Rev. Civ. Stats., provides, among other things, that failure by the court to submit any issue raised by the pleadings and evidence is not ground for reversal, unless the submission thereof was requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding.

[6] In the present case, the court specially found, as appears from the judgment, that plaintiff was an actual, bona fide inhabitant of the state, and had resided in the county of Bell for more than six months next preceding the filing of this suit. But even if this had not been done, the appellant could not raise the question here: (1) Because of his admission, as above indicated; and (2) because he did not except to the charge for failure to submit the question to the jury. See article 2061, vol. 2, Vernon's Sayles' Civ. Stats. In such case, he must be held to have acquiesced therein. See Floegge v. Meyer, 172 S. W. 195, and authorities there cited.

[7] For each of the reasons set forth, especially in the absence of a statement of facts, we must presume that all jurisdictional allegations were sustained by ample proof. The cases of Moore v. Moore, 67 Tex. 293, 3 S. W. 285, and Brunner v. Brunner, 142 Mo. 155, 43 S. W. 786, upon which appellant relies for reversal as to this point, were decided prior to the enactment of article 1985, and therefore are not applicable.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.