CRUM v. SLADE & BASSETT. (No. 1543.)

(Court of Civil Appeals of Texas. Amarillo. June 4, 1919.)

BROKERS ⟐61(1)—COMPENSATION—DEFECTS IN PRINCIPAL'S TITLE.

Where brokers procured a purchaser ready, able, and willing to buy, but who refused because of defects in the vendor's title, *held* that, though the original contract was only an option contract, the brokers cannot be denied recovery of commissions on the ground that their purchaser did not make payment as required, where failure to make such payment was waived by the vendor.

Appeal from District Court, Castro County; R. C. Joiner, Judge.

Action by Slade & Bassett against J. L. Crum. From judgment for plaintiffs, defendant appeals. Affirmed.

Carl Gilliland, of Hereford, for appellant.
William M. Knight and John P. Slaton, both of Hereford, for appellees.

BOYCE, J. This case has been before this court on appeal twice before. Crum v. Slade & Bassett, 154 S. W. 351; Slade & Bassett v. Crum, 193 S. W. 723. The record on this appeal is practically the same as on the former appeal, except that on the last trial the case was submitted to the jury and judgment rendered for the plaintiffs on their verdict. All the questions that are presented on this appeal were decided adversely to appellant on the last appeal, and it will only be necessary to make a brief statement of the case and our holding on the assignments presented; reference being made to the former opinion for a more elaborate statement of the facts and discussion of the law applicable thereto.

The appellees brought suit against appellant to recover commissions alleged to have been earned under a contract of enlistment for sale made between the parties. The plaintiffs, in their petition, alleged that they had procured a purchaser in the person of J. W. Crudgington, who entered into a contract of purchase with the defendant. By the terms of this contract the said Crum agreed to furnish abstracts of title "showing perfect, clear title" to said land on or before the 10th day of December, 1906, and while there is no express statement as to when the contract was to be consummated, vendor's lien notes were to bear interest from December 10, 1906, and there may be an inference that the trade was to be closed then. It was further alleged that on December 5th the defendant signed the following supplemental contract and attached it to the original:

"The above contract in all its terms is hereby extended to the 1st day of January, 1907, in con-sideration that said Crudgington pays me the sum of $500 on or before the 15th day of December, 1906, and pays draft to be drawn by me for $1,000, if I desire to draw same any time after the 15th day of December, 1906, as part payment on land which I may purchase. In default in payment of either of said amounts, said Crudgington is to forfeit to me the $2,000 heretofore paid, and all rights under this contract."

It was alleged and proven that between this date and December 15th Crudgington learned, from an examination of the abstract of title furnished him by appellant, that there was a defect in the title to part of the lands, and proposed to pay said additional sum of money on condition that "Crum perfect the titles, and, failing to do so, refund the money" so paid, as well as other payments made on the execution of the original contract. Crum refused to agree to this, insisting that the titles were good, but did not declare the contract at an end on account of the failure to pay said additional sum, and continued for some months thereafter to deal with Crudgington on the basis that the contracts were still in effect and looking to a consummation thereof. Crum finally refused to correct what we held to be a substantial defect in the title, and the sale was never consummated. The jury found, and there is no objection on this appeal to the finding, that—

"On the 11th day of September, 1906, and at all times subsequent thereto, up to the date when the deal between J. L. Crum and the said Crudgington was declared off, J. W. Crudgington was able, ready, and willing to buy said land of said Crum, provided the said Crum would correct the defect shown by the abstracts furnished the said Crudgington by the said Crum, on the terms provided for by the contract between said parties."

The proposition urged by appellant on this appeal, presented under assignments to the overruling of his general exception to the plaintiff's petition and to the action of the court in refusing to peremptorily instruct for the defendant, is that the contract between Crudgington and Crum was an option contract, which terminated upon the failure to pay the $500 on or before December 15, 1906, as stipulated in the supplemental contract. On both appeals we construed the said contract as an option; but it was pleaded by the appellee in his supplemental petition that the forfeiture of the contract on account of the failure to pay said sum of money was waived by the said Crum, and the evidence is amply sufficient to support a finding in favor of appellee on such issue. On the former appeal we expressed a doubt as to whether Crum would have had the right to declare a forfeiture under the circumstances, on account of the failure of

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Crudgington to pay the $500; but since the evidence is conclusive that the forfeiture on this account was waived, this fact alone would require that the said assignments be overruled. Slade & Bassett v. Crum, 193 S. W. 726, §§ 7 and 8. Under the findings of the jury the failure of the sale was due to the defect in the title. Appellees had produced a purchaser ready, willing, and able to buy on terms satisfactory to the plaintiff, and were entitled to their commission. ,

If we are correct in this conclusion, any error in the ruling complained of by the second assignment would be immaterial and harmless, though we intimated in the former opinion that appellant's position therein was not well taken. See section 5 of said former opinion.

We are of the opinion that the judgment should be affirmed.