J. B. FARTHING LUMBER CO. v. ILLIG et ux. (No. 433.)

(Court of Civil Appeals of Texas. El Paso. Nov. 4, 1915.)

1. APPEAL AND ERROR ⬤=569—STATEMENT OF FACTS—PREPARATION.

Under the statute, appellant without consent of appellee may, without the reporter's

transcript, prepare a statement of facts on appeal, and have it approved by the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. ⬤⟲ 569.]

2. APPEAL AND ERROR ⬤⟲758—ASSIGNMENTS OF ERROR—GROUNDS OF MOTION FOR NEW TRIAL—BRIEFS.

Under the rules for briefing, Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), making grounds assigned in a motion for new trial assignments of error, the assignments in the brief must be true copies of such grounds, and not reconstructions thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ⬤⟲758.]

3. APPEAL AND ERROR ⬤⟲758—ASSIGNMENTS OF ERROR—GROUNDS OF MOTION FOR NEW TRIAL—REFERENCE.

Where assignments of error are grounds assigned in a motion for new trial, they, as given in the brief, must, as required by Rule 25 (142 S. W. xii), refer to the portion of the motion in which they are complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ⬤⟲758.]

4. APPEAL AND ERROR ⬤⟲499—BILL OF EXCEPTIONS—REFUSAL OF CHARGES—SUBMISSION TO COUNSEL.

Bills of exceptions to refusal of requested special charges must disclose that such charges were submitted to opposing counsel for examination and objection, as required by Rev. St. art. 1973, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1973).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⬤⟲499.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by R. C. Illig and wife against the J. B. Farthing Lumber Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Jno. C. Williams, of Houston, for appellant. Fisher, Campbell & Amerman, of Houston, for appellees.

WALTHALL, J. Appellees, R. C. Illig and wife, plaintiffs below, sued the appellant, J. B. Farthing Lumber Company, in the county court at law of Harris county, Tex., for a balance which they alleged was due them on a contract with W. W. Brunson for the construction of their residence in Houston, at the contract price of $3,750. Appellees allege that to build the house they borrowed $4,200 from G. W. Burkitt; that, with the consent of appellees and Brunson, Burkitt paid over to appellant the sum of $4,069, for which appellant agreed on behalf of appellees and Burkitt to have the house built by Brunson and to pay off and become responsible for all bills for labor and material furnished in the construction of the house and to return any balance not used by it to appellees; that appellee R. C. Illig is a paper hanger and painter, and undertook to do that part of the work for which he was to be paid out of the contract price by appellant; that he was paid for his work except a balance of $79.50; that $275 should have been

paid out of the contract price for tin work, which was not done; and that the owner of the claim for tin work was threatening to file a mechanic's lien; that there remains an unused balance in the hands of appellant of the $4,069, the sum of $279, which appellant had converted to its own use.

Appellant specially denied that the contract price for the house was $3,750, and alleged that the contract price was $4,860 and evidenced by 73 notes, 71 of which notes for the sum of $40 each, one note for $20, one for $2,000, all payable to the order of Brunson, all bearing interest and secured by a mortgage, mechanic's and materialman's lien; that Brunson sold the notes to Burkitt for $4,200, upon agreement to pay Brunson $2,100 upon an order from appellee R. C. Illig and $2,100 on completion of building and acceptance by appellee; that Brunson with said acceptance and contract, and with the knowledge and acquiescence of appellees, represented to appellant that he was to receive cash for said notes to enable him to build said house for the sum of $4,200 less $131 brokerage; that Brunson was the owner of said notes and entitled to $4,069 with which to build said house; that appellees knew that Brunson had the notes in his possession and the agreement of Burkitt to buy the notes at said price and the said representations then being made by Brunson with reference to them. Appellant alleged that appellees, by reason of said facts, were estopped from denying that Brunson was the owner of said notes and entitled to the proceeds of their sale; that Brunson agreed with appellant that appellant, for the net proceeds of the sale of said notes, should furnish to Brunson certain lumber and material for the construction of said house and assigned to appellant the proceeds of the said notes, upon acceptance by Burkitt; that thereupon appellant furnished to Brunson material to build said house at an agreed price, and advanced to Brunson, for labor performed, out of said funds, stating the items. Appellant denied the statements of appellees contained in the several paragraphs of their petition.

Appellees, by supplemental petition, admitted the execution of the notes described in the answer, and alleged that the aggregate amount stated embraced and included the accumulated interest on the deferred payments; denied any knowledge of the alleged dealings between Brunson and appellant; denied that they ever consented to any money, the proceeds of said notes being paid by Burkitt to appellant, except upon the express understanding that appellant would see that the said house was completed and all labor and material claims paid and all money accounted for as stated, and that the acceptance by Burkitt agreeing to pay all labor claims, as stated. Appellees denied the several matters alleged in the answer, except such as were admitted.

At the request of appellees, the case was submitted to the jury on special issues, and the jury found as follows: (1) The contract price agreed upon between R. C. Illig and Brunson for the construction of the house was $3,750. (2) The item of painting and paper hanging was included in the contract price. (3) The item of electric fixtures was included in the contract price. (4) The sum of $425 was the allowance in the contract price for painting and paper hanging. (5) The amount agreed upon between Brunson and Illig for' doing the painting and paper hanging was $425. (6) The amount Illig had received for doing the painting and paper hanging was $370. (7) That there were no extras placed in the house during its construction not covered by the contract price.

The appellant presented special issues to the court to be submitted to the jury, all of which were refused by the court.

The court entered its judgment in favor of appellees in the aggregate sum of $373.50, and that appellant take nothing upon any claim or set-off. The appellant presented its motion to set aside the judgment rendered and grant it a new trial, one of the grounds being that the uncontradicted evidence showed that $40 extras had been placed upon said house and that said amount was included in the judgment entered. The appellees filed a remittitur of said item of $40, and the motion for new trial was overruled. Appellant gave notice of and perfected its appeal.

[1] Appellees have filed in this court a motion to strike out the statement of facts and bills of exceptions filed in this court on the ground: That the statement of facts filed was not agreed to by them, and is filed by them as a statement of facts prepared by the judge of the trial court after the parties had failed to agree. That no question and answer transcript was filed in the trial court in time and in the manner required by law, in that no question and answer transcript was in fact filed by the stenographer as required by law, but that a question and answer transcript was prepared in duplicate by the stenographer and turned over to counsel for appellant. That, exactly 90 days after the adjournment of the term at which the cause was tried, the attorney for appellant filed with the clerk of the court one copy of a question and answer transcript, and upon the next day filed a duplicate thereof, the record showing that the first copy filed by appellant's attorney at the same time the trial judge filed his statement of facts, and that the duplicate question and answer transcript was not filed by appellant's attorney until the day after the trial court had filed his statement of facts, the parties not agreeing. The proposition of appellees is that the circumstances and times under which the said question and answer transcript was filed, and with reference to the time the trial judge filed his statement of facts, does not meet the requirements of articles 1924 and 2070, Revised Statutes of 1911.

There is some conflict in the cases reported on the construction to be placed on the above articles of the statute. Counsel presenting the motion refers us to the cases of Buffalo Bayou Co. v. Lorentz, 170 S. W. 1052. On somewhat similar conditions to the instant case, the Galveston court, on motion in the first case above, struck out the statement of facts and overruled a motion to reinstate. The case was thereafter transferred to the San Antonio court. That court overruled a motion to reinstate the statements of facts (175 S. W. 736), but later, on its own motion and for reasons given, set aside its former order and reinstated the statement (177 S. W. 1183). In passing on the motion, we need not do more than refer to the case of Camden Fire Ins. Ass'n v. M., K. & T. Ry. Co., 175 S. W. 816, and Ft. Worth Pub. Co. v. Armstrong, 175 S. W. 1113. The reasoning of the courts in the last two cases construing the articles of the statutes referred to meets our approval. The motion is overruled.

[2-4] Appellees move to strike out appellant's three assignments of error and the propositions thereunder as. appearing in appellant's brief, because appellant's brief, in presenting said assignments, does not conform to the rules governing the preparation of causes for submission. The brief makes no pretense to copy the verbiage of the motion for new trial, made the basis of the first assignment of error; nor does it refer to that portion of the motion for new trial in which the errors are complained of, as required by the latter part of Rule 25 (142 S. W. xii).

Article 1612, Revised Statutes, as amended by chapter 136, Thirty-Third Legislature, makes the grounds assigned in the motion for new trial to constitute the assignments of error. The Courts of Civil Appeals have uniformly held that the rules for briefing cases contemplate that the assignments in the brief shall be true copies of the corresponding paragraphs of the motion for new trial, and not rewritten or reconstructed assignments or grounds. Ruth v. Cobe, 165 S. W. 530; Coons v. Lain, 168 S. W. 981; Overton v. Colored Knights of Pythias, 163 S. W. 1053; Hayes v. Groesbeck, 146 S. W. 327, Smith v. Bogle, 165 S. W. 35; Dees v. Thompson, 166 S. W. 56.

The assignment, as copied in the brief, complains of error of the trial court "in not submitting to the jury for its determination the issue of estoppel as requested by appellant in special issues Nos. 5, 6, and 7." The subject-matter of these proposed special issues requested covers 28 pages of the transcript, and by this brief assignment this court is asked to go through the transcript to discover whether the special charges should have been given. An inspection of bills of exception Nos. 1, 2, and 3, which

deal with this assignment, fails to disclose that the requested special charges were submitted to opposing counsel for examination and objection, as required by article 1973, Rev. Stat., as amended by chapter 59, Gen'l Laws, Thirty-Third Legislature. Floegge v. Meyer, 172 S. W. 195; I. & G. N. Ry. Co. v. Jones, 175 S. W. 490; A., T. & S. F. Ry. Co. v. Hargrave, 177 S. W. 509.

For reasons stated, the first assignment of error cannot be considered.

The second and third assignments in the brief are not copies of the corresponding grounds of error in the motion for new trial. The assignments in the brief do not refer to that portion of the motion for a new trial in which the errors are complained of as required by Rule 25. For reasons given in passing upon the first assignment, the second and third assignments cannot be considered.

We have carefully gone over the entire case and feel assured that no other judgment could have been entered. Finding no error in law apparent on the face of the record, the case is affirmed.