TERRELL v. HOUSTON & T. C. RY. CO.
(No. 611.)

(Court of Civil Appeals of Texas.   El Paso.
Oct. 27, 1916.   Rehearing Denied
Nov. 23, 1916.)

1. APPEAL AND ERROR ⬳699(4) — SCOPE —
RECORD—SUFFICIENCY.

Refusal of special requested instructions will
not be reviewed on assignments of error where
the record fails to show that they were present-
ed to opposing counsel for examination and ob-
jection, as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 2929; Dec. Dig. ⬳699(4).]

2. TRIAL ⬳252(9)—INSTRUCTIONS—CONFORM-
ITY TO PROOF.

Direction of verdict for the railway, should
the jury find the injuries to plaintiff in a cross-
ing accident were the result of unavoidable ac-
cident, is error, where there is nothing in the
evidence to suggest unavoidable accident.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 603; Dec. Dig. ⬳252(9).]

3. RAILROADS ⬳395—CROSSING ACCIDENTS—
EVIDENCE—CONFORMITY WITH ISSUES.

In suit for injuries when plaintiff's mule
was frightened by a train on an overhead cross-
ing, based on failure to give signals in approach-
ing the crossing, it was error to admit testi-
mony that, had signals been sounded while the
train was on the crossing, it would have in-
creased plaintiff's danger.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1339, 1340; Dec. Dig. ⬳395.]

Appeal from Burleson County Court;  W.
M. Hilliard, Judge.

Action by Ludie Terrell against the Hous-
ton & Texas Central Railway Company.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. B. Gerland and Jesse Garrett, both of Caldwell, for appellant. R. S. Bowers, of Caldwell, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

HIGGINS, J. This suit was brought by appellant to recover damages resulting from personal injuries. From an adverse verdict and judgment, she appeals.

Appellant was riding in a buggy driven by her brother. They were driving along a public road leading from town of Caldwell, and which crossed the railroad line of appellee. The crossing was an overhead crossing; that is to say, the railroad track passed over the public road. The crossing was 200 or 300 yards east of Davidson creek. The public road here runs in a depression. When the buggy reached a point 10 or 15 feet from the crossing a train suddenly flashed across the crossing, frightening the mule which the parties were driving. By reason of its fright, the mule whirled and upset the buggy, threw the occupants to the ground, inflicting painful injury upon appellant. According to appellant's evidence, they were unable to see this train until it was immediately upon the crossing because of the depression in which the public road was situate and trees and weeds which also obstructed the view. There was testimony that trains coming from the direction from which this train was coming would coast along as they approached the crossing, it being down grade, and would approach the crossing almost noiselessly. The plaintiff and her brother testified that the bell was not rung and the whistle not blown as it approached the crossing, and, according to their testimony, they approached the crossing with all due care and caution, carefully listening and looking for a train. The negligence alleged was the failure to ring the bell and blow the whistle upon approaching the crossing. The court in its charge submitted the issue of negligence as alleged and the issue of contributory negligence upon appellant's part in approaching the crossing.

[1] The first four assignments complain of the refusal of special requested instructions. They are overruled because the record fails to show that they were submitted to opposing counsel for examination and objection as required by chapter 59, Acts 33d Leg. p. 113; Floegge v. Meyer, 172 S. W. 194; Railway Co. v. Jones, 175 S. W. 488; Railway Co. v. Hargrave, 177 S. W. 509; Lumber Co. v. Illig, 179 S. W. 1093.

[2] In addition to the issue of contributory negligence submitted in the main charge, the court, at defendant's instance, gave a special instruction directing a verdict for defendant if they believed that plaintiff's injury was the result of an unavoidable accident. There is nothing in the evidence to suggest that the accident was unavoidable or inevitable, and it was error to give such an instruction.

[3] The court permitted defendant's witness Johnson to testify:

"It would be safer to a person approaching said underground crossing from the direction of Caldwell, if the defendant's train would approach said crossing from the east without ringing the bell or blowing the whistle at said underground crossing, than it would be for the whistle to be blown and the bell to be rung while running over said underground crossing."

This was objected to by plaintiff "because whether or not the bell should have been rung and the whistle blown while passing over said underground crossing was not an issue in the case." The objection should have been sustained. The alleged ground of negligence related to the failure to sound the whistle and ring the bell as a warning of the approach of the train to the crossing. No complaint was made of any failure to do so as it was passing over the road.

Reversed and remanded.