SHIPLEY v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 7679.)

(Court of Civil Appeals of Texas. Dallas. Dec. 22, 1917.)

1. APPEAL AND ERROR ⬤�söⁿ499(4)—REVIEW—REFUSAL OF SPECIAL REQUESTED CHARGE—STATUTE.

Under Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1973, 2061), declaring that either party may present, in writing, such instructions as he desires, which the judge shall give or refuse, provided they shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the main charge is given for examination, and declaring that the ruling of the court in giving, refusing, or qualifying instructions shall be regarded as approved, unless excepted to as provided, the refusal of a special requested charge will not be reviewed on appeal where the record fails to show that it was presented to opposing counsel for examination and objection as by the statutes required.

2. CARRIERS ⬤�söⁿ321(14) — CARRIAGE OF PASSENGERS—INJURIES—INSTRUCTION.

The charge that the jury would not be warranted in returning a verdict for defendant railway, alleged to have injured plaintiff's wife, unless they believed that the railway's servants stopped the train at the wife's destination a reasonable and sufficient length of time for her to alight safely, unless they also believed that the servants in making a second stop did not negligently stop the train suddenly with a jerk, and unless they believed that the servants, in carrying plaintiff's wife past her destination, and forcing her to alight at the place and in the manner and with the means furnished, were not guilty of negligence as negligence had been defined, was not erroneous as requiring the jury to believe, before they could find for plaintiff, that the railway's servants were guilty of negligence both in the manner of stopping the train where plaintiff's wife alighted and in requiring her to take a long and dangerous step in alighting, being an effort to group the facts under which verdict might be returned for the railroad, and, if error at all, not being calculated to cause rendition of an improper verdict and judgment.

3. TRIAL ⬤�söⁿ296(3) — HARMLESS ERROR — INSTRUCTIONS.

Where the issues of negligence on the part of defendant railway's servants with respect to the manner in which the train was stopped where plaintiff's wife alighted, and with respect to the place, manner, and means furnished for the wife to alight, were submitted disjunctively, and the jury distinctly told that if they should find either of the issues for the plain-

tiff to return verdict for him, the jury could not have been misled to plaintiff's prejudice by another paragraph of the charge submitting such issues conjunctively.

4. TRIAL ⟐295(1) — INSTRUCTIONS — CONSTRUCTION TOGETHER.

The charge of the court should be considered and construed as a whole.

5. APPEAL AND ERROR ⟐1027 — HARMLESS ERROR—REVERSAL.

Error not calculated to cause and which did not probably cause rendition of an improper judgment does not authorize reversal.

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by J. H. Shipley against the Missouri, Kansas & Texas Railway Company of Texas. To review a judgment for defendant, plaintiff brought error. The judgment was affirmed, and plaintiff in error moves for rehearing. Motion overruled, but former opinion withdrawn, and present opinion substituted.

Evans & Shields, of Greenville, for plaintiff in error. Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for defendant in error.

TALBOT, J. This case heretofore was affirmed, and the plaintiff in error filed a motion for a rehearing. That motion will be overruled, but the former opinion will be withdrawn and this opinion substituted therefor.

The plaintiff in error, J. H. Shipley, who will hereinafter be referred to as plaintiff, sued the defendant in error, the Missouri, Kansas & Texas Railway Company of Texas, referred to hereinafter as defendant, to recover damages alleged to have been sustained on account of personal injuries negligently inflicted upon his wife, Mrs. Edwina Shipley, while she was a passenger on one of defendant's trains. The petition charged that Mrs. Shipley boarded one of the defendant's passenger trains at Fate, Tex., to be carried thereon to Burrow, Tex.; that as said train approached the station Burrow Mrs. Shipley made preparations to alight therefrom in the usual and ordinary way, but that the servants of defendant in charge of and operating said train negligently failed to stop the same at the platform of said station a sufficient length of time to enable her to alight; that said train stopped at the platform of said station but a few moments and started again by the time Mrs. Shipley reached the door of the car in which she was riding; that when defendant's servants were informed that plaintiff's wife was still on the train they stopped the same 60 or 75 feet north of the north end of the platform; that at this time plaintiff's wife was standing partly in the door and partly on the platform of the car, ready to alight; that she was incumbered with a number of articles, and that said train was then stopped suddenly, with a quick, unusual, and unnecessary jerk and lurch, throwing her off her balance, and that in her effort to catch hold of something and restore her equilibrium she received a severe wrench, jerk, and twist in the small of her back, causing serious injury. It is further alleged that the plaintiff's wife was directed by the servants of the defendant to alight at the place where the train was thus stopped; that defendant's roadbed there was upon a dump, and the distance from the bottom step of the platform of the car to the top of the box placed upon the ground for her to step upon in alighting was about 30 inches, all of which rendered said place dangerous for a person situated as plaintiff's wife was to alight from said train; that, plaintiff's wife "not being in a position to judge the distance from the step to the box, or not knowing the distance that she was required to step until she was in the very act of stepping from the steps of the car, it became and was the duty of the defendant's agents and servants to have extended her personal assistance in alighting from said train," and they were guilty of negligence in failing to do so; that plaintiff's wife stepped from the steps of the car to the box on the ground, "and as she did so, having been injured in her back and other parts of her body by the sudden stopping of the car, and being in a state of great excitement and fear, the long and unusual distance she had to step caused her to be injured in that she felt a severe wrench and jerk in the small of her back and on left side especially, accompanied with severe cutting pain, inflicting upon her serious injuries"—the nature and extent of said injuries being fully alleged. Plaintiff charges specifically that the defendant was guilty of negligence in failing to stop the train at the usual stopping place at the station; in failing to stop the train at such place a reasonably sufficient length of time to enable plaintiff's wife to alight from the train; in carrying her past said station; in directing her to alight from the train at the place beyond the station where it was stopped; in stopping the train with a quick and sudden jerk; and in failing to extend to plaintiff's wife personal assistance in alighting from the train. The defendant answered, denying that it had been guilty of any of the acts of negligence charged in plaintiff's petition. It alleged that its train was stopped at the station of Burrow for a reasonably sufficient length of time for plaintiff's wife to have left the same, but that she failed to promptly leave her seat and appear at the exit of the car in which she was riding until the car had begun to move from the station; that when she did appear at the door of the car a servant of defendant, who was present, discovered that she desired to alight, and he at once signaled the engineer to stop the train; that the said engineer upon receiving such

signal easily, smoothly, and quickly stopped the train when the car in which plaintiff's wife was riding had moved a distance of only about 50 feet; that when the train had come to a standstill the defendant's servants placed a step box on the ground at said point and where the ground was safe and convenient for plaintiff's wife to alight, and assisted her to alight from the train, and that she alighted without inconvenience or injury. Defendant further averred that the failure of the plaintiff's wife to alight from the train at the station proper at Burrow and any inconvenience or injury which she may have sustained was due solely to her own negligence. There was a jury trial, which resulted in a verdict and judgment in favor of the defendant, and the plaintiff appealed.

[1] The first assignment of error complains of the trial court's action in refusing to give a special charge requested by the plaintiff, wherein the plaintiff sought to have submitted to the jury the question of negligence alleged by the plaintiff with respect to the distance from the step of the car from which plaintiff's wife alighted to the step box placed upon the ground for her to step upon, and the question of negligence with respect to the alleged failure of defendant's servants to render assistance to plaintiff's wife while alighting from the train. The defendant objects to the consideration of this assignment, for the reason, among others, that it is not shown by the record that the special charge, the refusal of which is complained of, was ever submitted to the attorneys for the defendant for examination and objection as required by statute. This objection must be sustained and a consideration of the assignment refused. Chapter 59 of the Acts of the Thirty-Third Legislature, p. 113, § 3, declares that either party to a suit may present to the judge presiding, in writing, such instructions as he desires to be given to the jury, which the judge shall give or refuse as he may see proper, provided such instructions, however, shall be prepared and presented to the court and submitted to opposing counsel for examination and objection, within a reasonable time after the main charge is given to the parties or their attorneys for examination. This statute further declares that the ruling of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as therein provided. Vernon's Sayles' Ann. Civ. St. 1914, arts. 1973, 2061. In construing this statute it has been repeatedly held by our appellate courts that the refusal of a special requested charge will not be reviewed on appeal where the record fails to show that it was presented to opposing counsel for examination and objection as by said statute required. Floegge v. Meyer, 172 S. W. 194; Railway Co. v. Jones, 175 S. W. 488; Railway Co. v. Hargrave, 177 S. W. 509; J. B. Farthing Lumber Co. v. Illig,

179 S. W. 1092; Terrell v. Houston & T. C. Ry. Co., 189 S. W. 575. In failing to show that the special charge in question was submitted to opposing counsel for their consideration as indicated above, the bill of exception is fatally defective, and for that reason this assignment cannot be considered by this court.

For the same reason the plaintiff's second assignment, which presents practically the same question presented by the first assignment, cannot be considered or the action of the court therein complained of reviewed. We will state, however, in this connection, that the court's general charge, we think, construed as a whole, fairly submitted every issue of negligence raised by the pleadings and evidence, unless it be the issue of negligence with respect to the alleged failure of defendant's servants to render assistance to plaintiff's wife while alighting from the train, which plaintiff sought to have submitted by the refused special charge, the refusal of which is complained of by the assignment here under consideration, and which cannot be considered for the reason stated.

The third assignment of error complains of the following portion of the fifth paragraph of the court's charge:

"Unless you believe from the evidence that defendant's servants failed to stop said train at the station of Burrow a reasonable and sufficient length of time for plaintiff's wife, in the exercise of ordinary care, to safely alight therefrom, and unless you believe that defendant's servants in making the second stop stopped said train suddenly, with a quick and sudden jerk and lurch, and unless you believe that defendant's agents and servants in carrying plaintiff's wife past said station, and in having her to alight at the place and in the manner and with the means furnished were guilty of negligence as defined in paragraph 1 hereof, or unless you find that plaintiff's wife was injured by the negligence, if any, of defendant's servants, or unless you find that the negligence of defendant's servants, if they were negligent, was the proximate cause of the injuries to plaintiff's wife, if she was injured, then and in either event you will find for the defendant."

The proposition under this assignment is as follows:

"The plaintiff having pleaded and proved that his wife was injured by the negligence of the defendant, both in the manner in which the train was stopped and by the long, unusual, and dangerous distance that his wife was required to step in alighting from the train, and that defendant's servants were negligent in both these respects, and that such negligence, in either or both of these respects, was the proximate cause of the injuries to his wife, it was reversible error for the court to give an instruction to the jury, and to overrule plaintiff's written objections presented in proper form and in due time thereto, which instructions required the jury to believe that the agents and servants of the defendant were guilty of negligence, both in the manner of stopping the train and also in having plaintiff's wife to alight at that place, and that plaintiff's' wife was injured both by the manner in which the train was stopped and by the long step that she was required to take in alighting from said train before the jury would be authorized to find for the plaintiff; the plaintiff being entitled to re-

cover if his wife was injured by the negligence of the defendant either in the manner in which the train was stopped, or by reason of the long step that she was required to take in alighting therefrom."

This assignment and proposition will be overruled. As will be noted, the complaint is that the charge under consideration required the jury to believe, before they would be authorized to find a verdict in favor of the plaintiff, that the servants of defendant were guilty of negligence proximately causing injury to plaintiff's wife both in the manner of stopping the train where she alighted and in requiring her to take a long, unusual, and dangerous step in alighting from the train, whereas plaintiff was entitled to recover if defendant's servants were guilty of negligence in both or either of these respects which proximately caused his wife's injuries.

[2] The complaint is not well founded, and the assignment presenting it will be overruled. The charge was an effort on the part of the trial court to group the facts or state the circumstances under which a verdict might be returned in favor of the defendant, and if error at all was not such as was calculated to cause the rendition of an improper verdict and judgment. The effect of the charge was to tell the jury that they would not be warranted in returning a verdict for the defendant, unless they believed from the evidence that its servants stopped the train at the station of Burrow "a reasonable and sufficient length of time" for plaintiff's wife, in the exercise of ordinary care, to safely alight therefrom, and unless they also believed that the defendant's servants in making the second stop did not negligently stop the "train suddenly with a quick and sudden jerk and lurch," and unless they also believed that "defendant's servants in carrying plaintiff's wife past said station, and in having her to alight at the place and in the manner and with the means furnished," were not guilty of negligence as negligence had been defined in a former paragraph of the charge. That the jury so understood the portion of the charge complained of we have little or no doubt; and if so understood they must have known that they were thereby instructed, in effect, that the defendant could not escape liability, and that the plaintiff was entitled to recover if the servants of defendant were guilty of either act of negligence mentioned in said charge. The charge embodied a correct proposition of law. The defendant was not entitled to a verdict in its favor if the evidence failed to establish the existence of any one of the grounds of negligence alleged, but only in the event neither of them was supported by the evidence. But if, upon any conceivable theory, the charge in question standing alone could be regarded misleading to plaintiff's injury, yet when the whole charge of the court is considered and construed together

it is altogether improbable, we think, that the jury were misled by the grouping conjunctively of the two grounds of alleged negligence referred to in that portion of the general charge attacked. In the fourth paragraph of the court's charge the jury was instructed that if they should "find that in making the second stop the defendant's servants stopped the train suddenly with a quick, unusual, and unnecessary jerk and lurch, and thereby caused plaintiff's wife to be injured, and that in so stopping the train defendant's servants were guilty of negligence, and that such negligence was the proximate cause of the injuries to plaintiff's wife, to find for plaintiff," or if they should find that defendant's servants in charge of the train failed to stop said train at the station of Burrow "a reasonable and sufficient length of time for plaintiff's wife, in the exercise of ordinary care, to have alighted therefrom, and should find that defendant's servants in carrying her past said station and stopping the train where it was stopped for plaintiff's wife to alight, and in the manner, place, and means furnished by defendant's servants to plaintiff's wife in alighting from the train, were in any or all the respects named guilty of negligence, and that such negligence was the proximate cause of the injuries to plaintiff's wife, to find for the plaintiff."

[3] Thus the issues of negligence on the part of defendant's servants with respect to the manner in which the train was stopped at the place where plaintiff's wife alighted and with respect to the place and manner and means furnished for plaintiff's wife to alight from the train, and which plaintiff asserts were erroneously submitted conjunctively in the fifth paragraph of the court's charge, were submitted disjunctively, and the jury distinctly told that if they should find either of said issues in favor of the plaintiff, to return a verdict in his favor. With these clear and explicit instructions before them, it is indeed difficult to conceive how the jury could have been misled to the prejudice of the plaintiff by the manner in which that portion of the charge assailed was framed.

[4, 5] That a charge of the court should be considered and construed as a whole, and that an error which was not calculated to cause, and which did not probably cause, the rendition of an improper judgment will not authorize the reversal of a case, is the well-settled law of this state. We think there was no error in the charge complained of at all, but if there was it was not of such a character as was calculated to cause and did not probably cause the rendition of an improper verdict and judgment in this case.

Finding no reversible error in the record, the plaintiff's motion for a rehearing as before stated will be overruled, and the judgment stand affirmed.

Affirmed.