## DELANO v. DELANO. (No. 325.)

(Court of Civil Appeals of Texas. Beaumont.
May 23, 1918. Rehearing Denied
June 5, 1918.)

1. EVIDENCE ⬤═419(2) — DEEDS SHOWING
·REAL CONSIDERATION — CONTRACTUAL RE-
CITAL.

Parties may show the real consideration for
a deed, regardless of the consideration ex-
pressed on the face of the instrument, except
that, where the recitation in the deed with ref-
erence to the consideration is of a contractual
nature, it cannot be disputed, altered, contra-
dicted, or modified by oral evidence.

2. EVIDENCE ⬤═419(2)—DEEDS—PAROL EVI-
DENCE—RECITAL OF CONSIDERATION.

In a mother's deed conveying fee simple ti-
tle to her son, the recital of consideration of
cash paid, and also that the son's stepdaughter
should receive the same interest in the land as
his own children, was not contractual, so that,
in the son's action for partition against his
brother, parol evidence was admissible to show
that the deed was intended as an advancement
to the son of his interest in his mother's. es-
tate.

3. DEEDS ⬤═120—ESTATES CREATED.

A deed whereby a mother conveyed land to
her son, acknowledging consideration of cash
paid, on the further consideration that the step-
child of the son should receive an equal and
exact share of the property conveyed as if she
were the daughter of the son, passed fee-simple
title to the son, and did not create any estate,
in trust or otherwise, in his stepdaughter or
in any of his own children.

4. APPEAL AND ERROR ⬤═1064(1)—HARMLESS
ERROR—INSTRUCTION.

In suit for partition by a son claiming un-
der deed from his mother, which recited that
his stepdaughter should have the same interest
in the land as his own children, an instruction
that the deed conveyed no interest to the step-
daughter, and that, in considering whether it
was an advancement to the son, the jury would
not consider the recitation with reference to the
stepdaughter, was error harmless to the son, if
erroneous as eliminating from the consideration
of the jury the recital as evidence of intent, and
submitting the remainder of the deed as evi-
dence, thus constituting a charge on the weight
of the evidence.

5. TRIAL ⬤═350(4)—SPECIAL ISSUE—SUBMIS-
SION OF QUESTION OF LAW — "ADVANCE-
MENT."

In suit for partition by a son claiming un-
der his mother's deed, the submission of the
special issue, whether the land described in the
deed was conveyed to the son as an advance-
ment, was not erroneous as the submission of a
question of law, an advancement being defined
by the court as a gift of land, money, or other
property by a parent to a child with the in-
tention that it shall be all of, or a portion of,
the child's share in the parent's estate at the
parent's death.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Ad-
vancement.]

6. APPEAL AND ERROR ⬤═699(4), 704(1)—RE-
·VIEW—REFUSAL OF SPECIAL CHARGES.

The refusal of special charges and issues
will not be reviewed on appeal, where the rec-
ord fails to show they were presented to oppos-
ing counsel for examination and objection, as
required by Acts 33d Leg. c. 59, § 3.

Appeal from District Court, Milam County;
John Watson, Judge.

Suit by J. R. Delano against L. S. Delano.
From judgment for defendant, plaintiff ap-
peals. Affirmed.

See, also, 189 S. W. 972.

E. A. Wallace, of Cameron, for appellant.
J. W. Garner, of Rockdale, and Henderson,
Kidd & Henderson, of Cameron, for appellee.

HIGHTOWER, C. J. The following state-
ment of the nature and result of this suit
is found in appellant's brief, and is not ques-
tioned by appellee, except as to the effect
of the allegations contained in appellant's
supplemental petition:

Mrs. E. J. Delano, who was the mother of
appellant, J. R. Delano, and appellee, L. S.
Delano, died intestate in Milam county in
1913, leaving surviving her, as her only heirs,
said parties. Her estate, at the time of her
death, consisted of 140 acres of land in Milam
county, Tex. No administration was had and
none was necessary.

Appellant brought this suit to partition, as
between himself and appellee, said estate of
their mother. Appellee answered and resisted
such partition, upon the ground that prior to
their mother's death she had deeded to ap-
pellant the same quantity of land in settle-
ment of his inheritance, and that in recogni-
tion of such fact appellant deeded to·appellee
this particular 140˙ acres of land in contro-
versy, and that, after he had fully executed
such deed of conveyance, appellant unlaw-
fully and without authority erased his signa-
ture therefrom.

To this answer appellant replied by supple-
mental petition, in which he alleged that the
land deeded to him by his mother about two
years prior to her ·death was for a valuable
consideration, and partly in trust for one
Annie Roberson, a stepchild of appellant,
and not as an advancement, which he claimed
was shown by the recitals in said deed. And,
further, it was alleged by appellant in the
supplemental petition that the deed which
appellee claimed appellant had executed to
him for the land in controversy was obtained
by fraudulent representations and statements
made to him by appellee and one Wells, which
induced its execution, in that, as he alleges,
appellee and Wells, at the time, stated and
represented to appellant that such deed was
for only 70 acres of the land in controversy,
and that appellant, at the time of its execu-
tion, believed that the deed conveyed only 70
acres of such land; that he was afterwards.
informed by the said Wells that he, said
Wells, had changed said deed, after its execu-
tion by appellant, so as to make it convey 140
acres, the whole tract here in controversy,
instead of only 70 acres; that thereupon
appellant erased his name from said deed,
and that, on account of such alleged change
in said deed, there was an insufficient execu-
tion·of same, and that appellant was entitled
to receive said deed back from the said Wells
and to erase his name therefrom; and he

further alleges that after he erased his name from said deed the said Wells, who had taken his acknowledgment thereto, also erased his certificate of acknowledgment.

This is the second appeal in this case, and the report of the case on the first appeal will be found in 189 S. W. 972, where the history and facts in full relating to this controversy may be found, and we refer thereto for a more complete understanding of the nature of the controversy and the issues involved.

Mrs. E. J. Delano, the mother of these parties, and a widow, on the 25th day of February, 1911, appears to have owned in her own separate right a tract of land containing 280 acres, a part of the Delgado survey in Milam county, and on that date she executed to appellant a deed to 140 acres of such tract, being the east half thereof, which deed, with the exception of the description of the land conveyed thereby, was as follows:

"Know all men by these presents, that I. Mrs. E. J. Delano (widow), of the county of Milam, state of Texas, for and in consideration of the sum of $4,320.00 cash to me on hand paid by J. R. Delano (my son), the receipt of which is hereby acknowledged, and the further consideration that Annie Roberson, a child of the wife of said J. R. Delano by her former marriage, and who is a half-sister to the children of the grantee herein, shall receive an equal and exact share of the property hereby conveyed, the same as if she were the daughter of my said son, have granted, sold, and conveyed, and by these presents do grant, sell, and convey. unto the said J. R. Delano, of the county of Milam, state of Texas, all that certain lot, tract, or parcel of land, to wit: [Here follows description of the land.] To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto said J. R. Delano; and I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto said J. R. Delano, his heirs and assigns, against every person whomsoever claiming or to claim the same or any part thereof."

This deed was duly signed and acknowledged.

It was the contention of the appellee, who was defendant below, that this deed from his mother to his brother, the appellant, was made as an advancement to appellant of the interest in said 280-acre tract that he would have inherited from his said mother, and being one-half of such tract, and that it was so understood and intended by both appellant and their said mother, and that it was in fact intended to be a partition of their said mother's estate during her lifetime of said 280-acre tract of land, as between appellant and appellee, and that appellant in fact paid no consideration for the land conveyed by said deed, and was not entitled to partition or have any interest in the remaining half of said 280-acre tract, which was the west half, and which is now sought to be partitioned by appellant, and of which he claims to be an owner to the extent of a one-half undivided interest.

The case was tried with a jury, to whom the case was submitted upon special issues, as follows:

"This case is submitted to you on what is known as special issues. Certain questions will be propounded to you and appropriate instructions given, and you will answer said questions, and upon your answers the court will render judgment.

"You are instructed that a gift of land, money, or other property by a parent to a child, with the intention that such money, land, or other property shall be all of or a portion of the child's share in the parent's estate at the parent's death, is in law an advancement.

"Governed by the foregoing instructions, you will answer the following:

"Special Issue No. 1: Was the 140 acres of land described in the deed from Mrs. E. J. Delano to J. R. Delano, dated February 25, 1911, conveyed to J. R. Delano as an advancement? Answer 'Yes' or 'No.' The burden of proof is upon the defendant to show by a preponderance of the evidence the affirmative of the foregoing issue. (To this question the jury answered 'Yes.')

Special Issue No. 2: Did J. R. Delano consent for and authorize the deed from him to L. S. Delano, dated January 19, 1913, to be so changed and altered as to cause it to convey the 140 acres of land therein described? Answer 'Yes' or 'No.' The burden of proof is upon the plaintiff to show by a preponderance of the evidence the negative of the next preceding issue. (To this question the jury answered 'Yes.')

"You are instructed that the deed from Mrs. E. J. Delano to J. R. Delano, dated February 25, 1911, conveyed no interest in said land to Annie Roberson; and, in arriving at your answer to question No. 1 hereof, you will not consider the recitations in said deed with reference to the said Annie Roberson.

"You are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony; but you will receive the law from the court as herein given and be governed thereby."

Upon the verdict of the jury as shown above, judgment was entered to the effect that appellant take nothing by his suit, and all costs were adjudged against him. Motion for new trial having been overruled, and the action of the court in that regard properly excepted to, the case was brought here by appeal, and is properly here for revision.

The first assignment of error found in appellant's brief complains of the action of the trial court in refusing to peremptorily instruct a verdict in favor of appellant. The proposition under this assignment is as follows:

"The recital of consideration in the deed from appellant's mother expressly shows that the consideration was that his stepchild should receive an equal and exact share of the property conveyed. the same as if she were a child of the appellant, and that such recital was contractual in its nature, establishing by its terms the nature of appellant's title under said deed; and, being contractual in nature, conclusively established the nature and character of the deed as one of purchase as contradistinguished from a deed of gift by way of advancement; and such recital was therefore not subject to impeachment by parol, in the absence of pleading showing fraud, accident, or mistake."

And the second proposition was:

"The recited consideration in the deed to appellant from his mother clearly established a trust estate in the land in favor of Annie Roberson to a portion of the land."

[1, 2] The second, third, and fourth assignments of error complain of the action of the trial court in admitting evidence of certain witnesses in support of appellee's contention that the deed to appellant from his mother, above mentioned, was intended as an advancement to appellant of his interest in her estate. as claimed by appellee, all of which evidence was objected to by appellant, and such assignments, therefore, practically ·raise the same legal point as that raised by the first assignment, and what we shall say in this connection will dispose of ·all of said assignments.

That it is a well-established rule in this state that the true consideration for a deed may always be shown by parol is not questioned by appellant, but it is contended by him that the recitation as to the consideration contained in the deed from his mother to himself is of a contractual nature, and, that being so, it was not competent to permit evidence that tended to impeach, alter, qualify, or contradict such contractual recitation in said deed, but that, on the contrary, in the absence of an allegation of fraud or mistake, the deed spoke for itself, and its legal effect was to constitute appellant a purchaser of the land thereby conveyed for a valuable consideration, charged only with a trust for a portion thereof in favor of Annie Roberson; and that the court should, therefore, have. instructed a verdict for appellant, and was in error in permitting appellee to offer any parol evidence whatever showing, or tending to show, that said deed was intended to convey the land therein mentioned to appellant as an advancement of his interest in his mother's estate, as claimed by appellee. This precise question was decided adversely to appellant's contention on the former appeal in this case. Delano v. Delano, 189 S. W. 972. Appellant insists, however, that the Court of Civil Appeals, deciding this question on the former appeal, was clearly in error, and we are earnestly urged to disagree with that holding, and sustain appellant's contention, notwithstanding the same.

We have very carefully considered the question raised by these assignments, and have reached the conclusion that the Court of Civil Appeals for the Third District was correct in holding that the recitation as to consideration contained in the deed in question was not one of a contractual nature, and that it was permissible to prove by parol the real intention and purpose of the parties to said deed. Of course, this court recognizes and admits the exception to the general rule, which permits parties to show the real consideration for a deed, regardless of what the consideration may be expressed to be on the face of the deed, which exception is that, where the recitation in the deed with reference to the consideration is of a contractual nature, it cannot be disputed, altered, contradicted, or modified by oral evidence, but what we hold is that the recitation in this deed as to consideration is not of a contractual nature.

As said by the court on the former appeal:

"It will be observed that the recital does not bind the grantee to do or not to do anything. It merely recites that Annie Roberson shall receive such an interest in the land as the children of J. R. Delano should receive. And it further appears from such conveyance that his own children did not receive anything, but that he himself took the fee-simple title to the land in question, without remainder to any one. Hence Annie Roberson could take nothing under this stipulation, and such recital had no binding legal effect. The court was therefore in error in finding, as a conclusion of law, that such recital was contractual."

Appellant cites, as the main authorities in support of his contention on these points, Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825; Ry. Co. v. Garrett, 52 Tex. 133; and Ry. Co. v. Pfeuffer, 56 Tex. 66.

The deed under consideration in the Kahn Case was one from a husband to his wife. It was recited in the deed that the consideration paid therefor was out of the separate means of the wife, and it was further recited in the deed that the conveyance was made to the wife for her sole and separate use and benefit. ˙ Afterwards Kahn and his wife were divorced, and subsequent to the divorce Mrs. Kahn brought suit against her former husband to recover from him the land described ·in this deed to her, claiming the same as her separate property, and that Kahn had no interest of any character in the land. Kahn answered, and, among other things, alleged that while it was true that the deed from him to the plaintiff recited that it was made for her sole and separate use and benefit, and also ·that the land mentioned therein was paid for out of her separate money, yet such recitations were made by the draftsman, without the knowledge or consent of either himself or Mrs. Kahn, and that such recitations were not true in fact, and that he did not, at the time of the execution of such deed, intend to convey the property to his wife for her own sole and separate use and benefit, or to make it her separate property, and that the property was in fact community property between himself and the plaintiff, and that the property was community ˙property between himself and the plaintiff, and, over the objection of the plaintiff, Mr. Kahn was permitted to testify in support of his allegations on that point. The trial resulted in a judgment to the effect that the property was community property, and the plaintiff, Mrs. Kahn, was only permitted to recover a one-half interest in the same. That judgment was affirmed by the Court of Civil Appeals, but writ of error was granted by

the Supreme Court, and the judgments of the lower court and Court of Civil Appeals were both reversed. The opinion of the Supreme Court in the case was written by Associate Justice Williams, and is a very interesting and clear discussion of the rules of construction to be applied where a deed from a husband to a wife during the marital relation is under consideration; but none of the rules there discussed have application here, and we pretermit any further reference to them. It was unequivocally held by the Supreme Court in that case that:

"Where a deed from a husband to a wife clearly expressed an intention to make the property conveyed her separate estate, by reciting payment of consideration from her separate funds, parol evidence is not admissible, without proof of fraud or mistake in the insertion of such recitals, to show that the grantor did not intend to convey to her as her separate property."

It was further held in the case:

"The statement in a deed from husband to wife of a consideration received from the wife's separate property is a contractual recital showing the character of the right created, and cannot be varied by parol evidence of a different consideration which would make the deed inoperative."

Among other things the court said:

"There can therefore be no doubt that the deed before us upon its face unequivocally expresses the purpose of Kahn to convey to his wife in her separate right, and he cannot be permitted, consistently with correct principles, to show that he did not so intend. The evidence admitted does not come within the rule which permits the true consideration of an instrument to be shown to have been different from that recited. This principle, properly applied, admits the evidence where the consideration has been stated as a fact, but not where the recital is contractual in its nature."

Further:

"The statement in the deed from Kahn to his wife is more than the mere statement of a fact. Under the decisions referred to, its legal form is to show the character of the right to be created by his deed, and is as much a contractual recital as any in the instrument, and belongs to that class of particular and contractual recitals which, in deeds, estop the parties from denying them. Another limitation upon the rule is that a grantee [grantor?] in a deed will not be permitted to defeat it as a conveyance by showing that there was no consideration, and the effort here is to defeat the deed as a conveyance of the property to Mrs. Kahn in her separate right, which would be to make it wholly inoperative, since the legal title was already in the community estate. Evidence that no consideration passed would doubtless be permissible where such fact would be of any importance upon the issues of a case, but it could not have the effect of defeating the operation of the deed."

[3] We think, clearly, that this case cannot be invoked in support of appellant's contention here, because, in our opinion, the purpose of offering the parol testimony in the Kahn Case was entirely different from the purpose in offering such testimony in this case, in that in the Kahn Case the purpose of offering the parol testimony was to destroy the deed as a conveyance at all, and to destroy all rights recited thereby to be in the grantee, while in the instant case the purpose of the parol testimony was not to destroy or in any manner affect the deed from appellant's mother to him as a conveyance of the land thereby conveyed, or to limit or affect his interest therein to any extent whatever; on the contrary, its purpose and effect was to confirm the deed and the estate thereby conveyed in appellant. Such testimony was only offered to show that appellant's mother, in making the deed to him, intended that he should have the land thereby conveyed as his interest in her estate, which, under the law of descent and distribution, he would have received after her death without such deed, and that it was further her intention to partition her estate during life between her only children. Appellant is mistaken in his contention that the recitations in this deed, in so far as they relate to his stepchild, Annie Roberson, create a trust of any character in her behalf touching the land thereby conveyed, but, on the contrary, this deed passed the title to the land thereby conveyed to appellant in fee simple, and neither in Annie Roberson nor in any of his own children was any estate created by said deed.

In the Garrett Case, Garrett brought suit against the railroad company, alleging that the company had forcibly and without his consent entered upon and appropriated a portion of his land, and constructed its roadbed thereover for a named distance, and had appropriated approximately 12 acres thereof, of the value of $20 per acre, and claiming damages for timber cut and other trespasses. The railroad company answered, denying the allegations in Garrett's petition attributing any wrong to it, admitting that its road had been constructed over his land, but alleging that the right of way over same had been acquired by it through deed duly executed by Garrett, and that such deed was executed without any reservation and for the consideration only as expressed in the deed. Garrett filed a supplemental petition, in which he alleged, among other things, that if he executed the deed to the railroad company as claimed by it, the same was procured by false and fraudulent representations on the part of the company and its agents, in that the railroad company verbally agreed and promised Garrett that, if he would make the deed to it, the company would place a depot on the land near his residence and establish a shipping point there; that solely on the faith of this promise and agreement, and for this consideration only, he executed the deed referred to; that the company failed to so locate the depot, but placed it at another place beyond his land; and there were other allegations setting up a breach of verbal promises on the part of the railroad company. For these reasons Garrett alleged that the consideration for

the deed had failed, prayed its cancellation, and judgment for his damages. Among other things the Supreme Court of this state, speaking through Associate Justice Bonner, said:

"Plaintiff further claims to recover by reason of false and fraudulent representations of defendant and its agents that they would locate a depot upon his land, by which he was induced to execute the deed. * * * As the case will be remanded, we deem it. however, proper to say that the deed expressly recites as the consideration the sum of $1.00 in hand paid by the defendant, and the 'further consideration that the said company will locate its railroad over my land situated in Marion county.' As this deed was executed by the plaintiff and accepted by the defendant, this recital is more than a bare receipt of the payment of the purchase money; it is also the written evidence of a contract between the parties" to the effect "that the plaintiff would grant the right of way, and that the defendant would construct its road over the same. To permit a parol contemporaneous condition to be ingrafted upon a deed in writing, it should be upon proper allegation of fraud, accident, or mistake, and upon clear and satisfactory evidence."

Thus, it will be seen in the Garrett Case that it was clearly and expressly recited in the deed there under consideration that the grantee, the railroad company, as consideration for the same, would construct its railroad over the land of the grantor; in other words, the railroad company, the grantee, bound itself to do something, namely, construct its railroad over grantee's land, and this recitation as to such consideration was clear and unambiguous, and showed all the consideration for the deed, and purported to show all the consideration that moved the grantor to execute the deed; and the court in that case was correct, in our opinion, in holding that it was not permissible for grantor, Garrett, to show, in the face of these positive expressions as to consideration, that the railroad company also promised to construct a depot on Garrett's land and failed to do so. We do not consider that the case is authority in support of appellant's contention here.

In the Pfeuffer Case, recitations in the deed there under construction as to the consideration for same were almost identical with the deed in the Garrett Case, and the court reached the same conclusion, holding, in effect, that parol testimony was not admissible to contradict or vary the recitation in the deed as to the consideration therefor, because such recitation was contractual, and that the rule which prevents any written contract between parties from being contradicted or varied by parol testimony must control. We do not consider that either of the above-mentioned cases relied upon by appellant supports his contention to the effect that the recitations in the deed from his mother to himself, as to consideration, were of a contractual nature; and believing that the trial court was not in error in refusing to give the peremptory instruction requested, or in permitting parol testimony, as complained of, we overrule appellant's first, second, third, and fourth assignments of error.

[4] By the fifth assignment of error appellant complains that the trial court erred in giving this portion of its charge to the jury, to wit:

"You are instructed that the deed from Mrs. E. J. Delano to J. R. Delano, dated February 25, 1911, conveyed no interest in said land to Annie Roberson; and in arriving at your answer to question No. 1 hereof, you will not consider the recitation in said deed with reference to the said Annie Roberson."

The record shows that appellant objected to this portion of the court's charge in proper time and manner, and that the objection was overruled by the court, and appellant excepted. The only proposition that we find under this assignment is as follows:

"In the absence of fraud, accident, or mistake, the language of the deed is presumed to express the intention of the maker, and a charge eliminating from the consideration of a jury certain recitals in the deed as evidence, and submitting the remainder of the deed as evidence, is a charge upon the weight of the evidence."

As stated above, the deed to appellant from his mother passed no interest whatever to Annie Roberson in the land thereby conveyed, but, as we have said, a title in fee simple passed to appellant by the deed, and we do not believe that the charge complained of was intended to tell the jury anything more than that Annie Roberson acquired no interest in the land conveyed by the deed to appellant, and we are of opinion that a jury of ordinary intelligence, which the trial jury in this case are presumed to have possessed, would have so construed the charge; and, while the charge may not have been necessary, at the same time we do not believe from the record in this case that it was an error calculated to prejudice the rights of appellant in any way, and we therefore overrule the fifth assignment.

[5] By the seventh assignment of error, appellant complains of the action of the court in submitting special issue No. 1 to the jury, as hereinbefore copied, the objection being that the submission of that issue as framed by the court was nothing more than a question of law for the determination of the jury, and was not an issue of fact. We refer to the issue as hereinbefore copied, and also to the definition given the jury by the court as to what would constitute an advancement. We think that there is nothing in this assignment, and the same is overruled.

All the other assignments of error found in appellant's brief relate to the action of the court in refusing to submit to the jury certain special issues and charges requested by appellant, of which there were 11 in all, exclusive of the peremptory instruction requested by appellant.

[6] We decline to consider all of these assignments of error relating to the action of the trial court in refusing these special charges and issues for the reason that it is not shown by the record in this case that such special charges and issues, the refusal to give which is complained of, were submitted to the attorneys for appellee for examination and objection, as was required by the statute in force when this case was tried below. The statute referred to is chapter 59 of the Acts of the 33d Legislature, p. 113. Section 3 of the act declares that either party to a suit may present to the judge presiding, in writing, such instructions as he desires to be given to the jury, which the judge shall give or refuse, as he may see proper, provided such instructions, however, shall be prepared and presented to the court and *submitted to opposing counsel for examination and objection* (italics ours) within a reasonable time after the main charge is given to the parties or their attorneys for examination. This statute further declares that the ruling of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as therein provided. Vernon's Sayles' Civil Statutes 1914, arts. 1973–2061.

The appellate courts in this state have repeatedly held that the refusal of a special charge will not be reviewed on appeal where the record fails to show that it was presented to opposing counsel for examination and objection, as required by the statutory law of this state. It is true that the 34th Legislature, by chapter 177 of the Acts of 1917, p. 389 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), dispensed with the necessity of taking formal bills of exception to the refusal of a trial judge to give special charges. This case, however, was tried and judgment rendered before the act of 1917 became effective, and the amendment can have no effect relative to the proceedings required by statute at the time this case was tried. Shipley v. Ry. Co., 199 S. W. 663; Farthing Lbr. Co. v. Illig, 179 S. W. 1092; Ry. Co. v. Hargrave, 177 S. W. 509; Terrell v. Ry. Co., 189 S. W. 575.

The statute requiring that special charges be submitted to opposing counsel for their consideration serves, we think, a useful purpose, in that opposing counsel, upon seeing a special charge properly prepared and called for by the pleadings and the evidence in the case, and made necessary, perhaps, on account of omissions in the court's main charge, would very probably not object to the trial court's giving such special charge, but would acquiesce in the same, and in all probability errors which might otherwise be committed by the trial judge would be prevented, and this was the purpose of the Legislature in enacting the statute.

This court has been very liberal, perhaps as much so as any appellate court in the state, in matters of this kind, and has repeatedly declined to enforce many of the rules governing the briefing of cases in this court which are made merely for the convenience of this court, and we shall continue to be liberal in that regard; but the point here is a different matter, and we feel justified in following the rule adopted by the other courts of civil appeals in this state, as shown by the authorities cited, and therefore decline to consider the assignments mentioned. Some of them, too, have reference to the second issue involved in the case, as above mentioned, and could not avail appellant anything, even if we should consider them, because they would be immaterial, in view of the jury's verdict on the first issue.

Finding no reversible error in the judgment of the trial court in this case, the same will be affirmed, and it is so ordered.

Affirmed.